| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
| --- | --- | --- |
| **TRANSFER OF JURISDICTION** | | 8:93-CR-59-T-27EAJ |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | 0 8 C R 5 0 0 1 8 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| --- | --- | --- |
| **F I L E D** | Middle District of Florida | Tampa |
| Joseph Close | NAME OF SENTENCING JUDGE | |
| MAR 3 1 2008 | The Honorable Henry Lee Adams | |

| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM October 16, 2007 | TO October 15, 2010 |
| --- | --- | --- | --- |
| MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT. | | | |

OFFENSE
Conspiracy to commit fraud and money laundering; Interstate transportation of stolen property; Wire fraud; Money laundering; Engaging in monetary transactions with property from specified unlawful activity

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  Middle  DISTRICT OF  Florida

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the  Northern District of Illinois  upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.

2/29/08
_____
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  Northern  DISTRICT OF  Illinois

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

3-18-08
_____
*Effective Date*

_____
**Honorable Frederick J. Kapala, Rockford**
*United States District Judge*

CLOSED, EAJ, SL DOC

# U.S. District Court
## Middle District of Florida (Tampa)
### CRIMINAL DOCKET FOR CASE #: 8:93-cr-00059-JDW-9
**Internal Use Only**

Case title: USA v. Raprager, et al

Date Filed: 03/05/1993
Date Terminated: 08/08/1995

Assigned to: Judge James D. Whittemore

Appeals court case numbers: 95-3041, 99-2260

### Defendant (9)

**Joseph Close**
*Sentenced by Judge Henry Lee Adams, Jr. on 8/10/1995*
*TERMINATED: 08/10/1995*

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: _Eve Caldewn_
Deputy Clerk

represented by **Joseph Close**
98375-024
Federal Prison Camp
P.O. Box 1085
Oxford, WI 53952
PRO SE

**Daniel Mario Hernandez**
Law Office of Daniel M. Hernandez
902 N Armenia Ave
Tampa, FL 33609
813/875-9694
Fax: 813-876-4155
Email: marilynneyland@aol.com
*TERMINATED: 08/07/1995*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Dean J. Siotos**
Paul C. Looney & Associates
11767 Katy Freeway
Suite 740
Houston, TX 77079
713/597-8818

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edward Michael Gillick**
Gillick & Wenner
831 Royal Gorge Blvd.
Suite 400
Canon City, CO 81212
719/276-1000
Fax: 719/276-1004
*TERMINATED: 07/13/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Frederick Wiley Vollrath**
Vollrath-Condon, PA
PO Box 1007
Tampa, FL 33601
813/335-4379
Fax: 813-254-2979
Email: fredvollrath@aol.com
*TERMINATED: 07/13/2000*
*LEAD ATTORNEY*
*Designation: Retained*

**J. Brent Liedtke**
Paul C. Looney & Associates
11767 Katy Freeway
Suite 740
Houston, TX 77079
713/597-8818
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Keith E. Golden**
Law Offices of Golden & Meizlish
Co., LPA
923 East Broad St.
Columbus, OH 43205-1101
614/258-1983
*TERMINATED: 11/05/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

**Robert R. Warchola, Jr.**
Shumaker, Loop & Kendrick, LLP
101 E Kennedy Blvd - Ste 2800
PO Box 172609
Tampa, FL 33672-0609
813/229-7600
Fax: 813/229-1660
Email: rwarchola@slk-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 18:13-4700.F POSTAL, INTERSTATE WIRE, RADIO, ETC. (1) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |
| 18:2314.F TRANSPORTATION STOLEN PROPERTY (2) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |
| 18:2314.F TRANSPORTATION STOLEN PROPERTY (3-4) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |

| | |
|---|---|
| 18:2314.F TRANSPORTATION STOLEN PROPERTY (5) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |
| 18:1343.F POSTAL, INTERSTATE WIRE, RADIO, ETC. (6-7) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |
| 18:1956-3300.F INTERSTATE COMMERCE (8-16) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |
| 18:1957-3300.F INTERSTATE COMMERCE (17) | Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurren t. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. |

**Highest Offense Level (Opening)**

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

## Plaintiff

**United States of America**        represented by **Monte Richardson**
U.S. Attorney's Office
Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, FL 33602
813/274-6000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Monk**
U.S. Attorney's Office
Middle District of Florida
400 N. Tampa St., Suite 3200
Tampa, FL 33602
813/274-6000
Fax: 813/274-6103
Email: robert.monk@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/1994 | 102 | NOTICE of case reassignment from Judge William J. Castagna to Judge Henry L. Adams Jr. (Signed by deputy clerk) (rjc) (Entered: 12/14/1994) |
| 01/12/1994 | | SEALED DOCUMENT S- 6 (rjc) (Entered: 12/14/1994) |
| 01/13/1994 | | SEALED DOCUMENT S- 7 (rjc) (Entered: 12/14/1994) |
| 01/13/1994 | | SEALED DOCUMENT S- 8 (rjc) (Entered: 12/14/1994) |
| 01/13/1994 | | SEALED DOCUMENT S- 9 (rjc) (Entered: 12/14/1994) |
| 01/13/1994 | | SEALED DOCUMENT S- 10 (rjc) (Entered: 12/14/1994) |
| | | |

| 01/13/1994 | | SEALED DOCUMENT S- 11 (rjc) (Entered: 12/14/1994) |
|---|---|---|
| 02/07/1994 | | ARREST of Joseph Close in Rockford, Illinois (rjc) (Entered: 12/19/1994) |
| 02/11/1994 | <u>110</u> | 2ND SUPERSEDING INDICTMENT as to Herbert A. Raprager (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 8ss, 10ss, 13ss, 14ss, 15ss, 17ss, Janet G. Doyle (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss-7ss, 8ss, 9ss, 12ss, Marvin Weimken (3) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 10ss, 11ss, 16ss, Darwin K. Albright (4) count(s) 1s, 2s, 5s, Diane Barrett (5) count(s) 1s, 2s, 3s, 4s, James T. Estes (6) count(s) 1s, 2s, 3s, 4s, 13s, Todd Swartout (7) count(s) 1s, 2s, 3s, 4s, 5s, 9s, 11s, 15s , Charles Leirer (8) count(s) 1, Joseph Close (9) count(s) 1, 2, 3-4, 5, 6-7, 8-16, 17, James P. Parsons (10) count(s) 1, 2, 5, Percy O. Dean Choate (11) count(s) 1, 2, 5, Diane Boyer (12) count(s) 1, 2, 3-4, 5 (rjc) Modified on 01/11/1995 (Entered: 12/19/1994) |
| 02/11/1994 | 112 | ARREST WARRANT issued as to Joseph Close (rjc) (Entered: 12/19/1994) |
| 02/11/1994 | | SEALED DOCUMENT S-1 thru S-11 Documents unsealed and docket on public docket as of 2/11/94 (mss) (Entered: 04/17/1996) |
| 02/15/1994 | 124 | ARREST WARRANT Returned Executed as to Joseph Close on 2/7/94 (rjc) (Entered: 12/19/1994) |
| 02/17/1994 | 128 | CJA 23 FINANCIAL AFFIDAVIT by Joseph Close (rjc) (Entered: 12/19/1994) |
| 02/17/1994 | 131 | ARRAIGNMENT held on 2/16/94 as to Joseph Close . Defendant pled not guilty before Magis. Judge Elizabeth A. Jenkins. Court reserves jurisdiction as to reimbursement of attorneys fees. (rjc) (Entered: 12/19/1994) |
| 02/17/1994 | 132 | PLEADING DOCKETED IN ERROR. NO NUMBER 132. (rjc) (Entered: 12/19/1994) |
| 02/17/1994 | 133 | PRETRIAL DISCOVERY ORDER set jury trial for 9:00 4/4/94 for Joseph Close, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. , set status conference for 9:00 3/11/94 for Joseph Close, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. ( Signed by Magis. Judge Elizabeth A. Jenkins ) (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 134 | MOTION by Joseph Close for government agents and attorneys to retain rough notes and writings Referred to Magis. Judge Elizabeth A. Jenkins (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 135 | NOTICE of Appearance for Joseph Close by Attorney Daniel Mario Hernandez. (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 136 | MOTION by Joseph Close to Adopt Referred to Magis. Judge Elizabeth A. Jenkins (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 137 | MOTION by Joseph Close for bill of particulars Referred to Magis. Judge |

| | | |
|---|---|---|
| | | Elizabeth A. Jenkins (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 138 | MOTION by Joseph Close for disclosure of impeaching information and evidence favorable to defendant Referred to Magis. Judge Elizabeth A. Jenkins (rjc) (Entered: 12/19/1994) |
| 02/22/1994 | 139 | MOTION by Joseph Close to compel disclosure of existence and substance of promises, immunity, leniency, or preferential agreement Referred to Magis. Judge Elizabeth A. Jenkins (rjc) (Entered: 12/19/1994) |
| 03/07/1994 | 163 | RESPONSE by USA as to Joseph Close re: [136-1] motion to Adopt (rjc) (Entered: 12/19/1994) |
| 03/07/1994 | 164 | RESPONSE by USA as to Joseph Close re: [134-1] motion for government agents and attorneys to retain rough notes and writings (rjc) (Entered: 12/19/1994) |
| 03/07/1994 | 165 | RESPONSE by USA as to Joseph Close re: [139-1] motion to compel disclosure of existence and substance of promises, immunity, leniency, or preferential agreement (rjc) (Entered: 12/19/1994) |
| 03/07/1994 | 166 | RESPONSE by USA as to Joseph Close re: [137-1] motion for bill of particulars (rjc) (Entered: 12/19/1994) |
| 03/07/1994 | 167 | RESPONSE by USA as to Joseph Close re: [138-1] motion for disclosure of impeaching information and evidence favorable to defendant (rjc) (Entered: 12/19/1994) |
| 03/14/1994 | 171 | ORDER granting [139-1] motion to compel disclosure of existence and substance of promises, immunity, leniency, or preferential agreement as to Joseph Close (9), granting [138-1] motion for disclosure of impeaching information and evidence favorable to defendant as to Joseph Close (9), granting [137-1] motion for bill of particulars as to Joseph Close (9), granting [136-1] motion to Adopt as to Joseph Close (9), granting [134-1] motion for government agents and attorneys to retain rough notes and writings as to Joseph Close (9) ( Signed by Magis. Judge Elizabeth A. Jenkins ) (rjc) (Entered: 12/19/1994) |
| 03/14/1994 | 173 | STATUS CONFERENCE held on 3/11/94 before Judge Henry L. Adams Jr. as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer. Case set for trial term beginning May 1994. Case not reset for another status before trial. Court Reporter: Kathleen Walden (rjc) (Entered: 12/19/1994) |
| 03/16/1994 | 176 | ORDER setting trial for May 1994 trial term as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer ( Signed by Judge Henry L. Adams Jr. ) (rjc) Modified on 01/06/1995 (Entered: 12/22/1994) |

| | | |
|---|---|---|
| 04/05/1994 | 221 | OMNIBUS RESPONSE by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer re: [217-1] motion to compel identity of federal express employee, [214-1] motion to Adopt, [210-1] motion for pre-trial James hearing regarding admissibility of co-conspirators statements, [209-1] motion for bill of particulars, [208-1] motion to sever, [207-1] motion for disclosure of unindicted co-conspirators, [204-1] motion to Adopt, [203-1] motion to identify electronic surveillance and affirm or deny the occurrence of unlawful surveillance, [202-1] motion to produce names and addresses of witnesses and informants, [201-1] motion to produce government immunity papers, [200-1] motion for disclosure of Jencks Act material, [199-1] motion for pre-trial disclosure of all exculpatory materials, [199-2] motion for specific Brady material, [198-1] motion for copies of alleged non-rule 16 material, [197-1] motion for government agents and attorneys to retain rough notes and memoranda, [194-1] motion for early disclosure of Rule 404(b) material, [193-1] motion to suppress, [192-1] motion to Adopt, [191-1] motion for disclosure of similar acts, [190-1] motion to compel disclosure of existence and substance of promises, immunity, leniency or preferential agreement, [189-1] motion to produce impeachable convictions of prosecution witnesses, [188-1] motion for disclosure of statements prior to trial (rjc) (Entered: 12/29/1994) |
| 04/07/1994 | 222 | RESPONSE by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer re: [210-1] motion for pre-trial James hearing regarding admissibility of co-conspirators statements (rjc) (Entered: 12/29/1994) |
| 04/20/1994 | 229 | NOTICE OF INTENT to Use Evidence pursuant to Rule 404(b) by USA as to all defendants. (rjc) (Entered: 12/30/1994) |
| 04/21/1994 | 230 | TRIAL CALENDER ORDER for May 1994 as to all defendants. (rjc) (Entered: 12/30/1994) |
| 04/23/1994 | 239 | MOTION by Joseph Close for protection of trial dates (rjc) (Entered: 12/30/1994) |
| 04/28/1994 | 242 | JOINT MOTION by defendants to continue trial (rjc) (Entered: 12/30/1994) |
| 05/03/1994 | 247 | ORDER granting [239-1] motion for protection of trial dates 5/2/94 through 5/7/94 as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 12/30/1994) |
| 05/26/1994 | 261 | SCHEDULING ORDER setting Jury Trial for 9:30 5/31/94 for Herbert A. Raprager, for Janet Doyle, for Marvin Weimken, for Darwin K. Albright, |

| | | |
|---|---|---|
| | | for Barrett, for James T. Estes, for Todd Swartout, for Charles Leirer, for Joseph Close, for James P. Parsons, for Percy Dean Choate, for Diane Boyer ; Scheduled for Judge Henry Adams Jr. ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 12/30/1994) |
| 05/31/1994 | 262 | ORDER denying [242-1] joint motion to continue trial as to Herbert A. Raprager (1), Janet G. Doyle (2), Marvin Weimken (3), Darwin K. Albright (4), Diane Barrett (5), James T. Estes (6), Todd Swartout (7), Charles Leirer (8), Joseph Close (9), James Parsons (10), Percy O. Dean Choate (11), Diane Boyer (12) ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 12/30/1994) |
| 06/01/1994 | 264 | MEMORANDUM concerning witness statements by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/04/1995) |
| 06/01/1994 | 265 | NOTICE of intent to offer testimony of summary witness by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/04/1995) |
| 06/01/1994 | 267 | NOTICE of intent to use charts during its opening statement by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/04/1995) |
| 06/01/1994 | 268 | MEMORANDUM by USA as to all defendants in support of admission of documents. (rjc) (Entered: 01/04/1995) |
| 06/01/1994 | 269 | MOTION by Joseph Close to continue trial (rjc) (Entered: 01/04/1995) |
| 06/02/1994 | 274 | NOTICE of related case by USA as to all defendants. (rjc) (Entered: 01/04/1995) |
| 06/03/1994 | 276 | ORDER denying [269-1] motion to continue trial as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/04/1995) |
| 06/03/1994 | 277 | EMERGENCY JOINT MOTION by Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, USA for pretrial status Hearing (rjc) (Entered: 01/04/1995) |
| 06/06/1994 | 291 | STATUS CONFERENCE held on 6/6/94 before Judge Henry L. Adams Jr. as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, |

| | | |
|---|---|---|
| | | Percy O. Dean Choate, Diane Boyer granting [280-1] motion to continue trial as to Diane Boyer (12), granting [279-1] motion to continue trial as to Herbert A. Raprager (1), granting [278-1] motion to continue trial as to Percy O. Dean Choate (11), granting [273-1] motion to continue trial as to Marvin Weimken (3), granting [272-1] motion to continue trial as to Todd Swartout (7) Trial reset to 9/1/94. Court Reporter: Kathleen Walden (rjc) (Entered: 01/04/1995) |
| 06/07/1994 | 294 | SCHEDULING ORDER as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer setting Jury Trial for 9:00 9/1/94. Scheduled for Judge Henry L. Adams Jr. ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/04/1995) |
| 06/08/1994 | 296 | NOTICE of related case 94-113-CR-T-21B by USA as to all defendants. (rjc) (Entered: 01/04/1995) |
| 07/17/1994 | 314 | DOCUMENT number 314 does not exist, docketed in error. (rjc) (Entered: 01/04/1995) |
| 08/03/1994 | 322 | CJA 21 as to Joseph Close Authorization to Pay Tampa Legal Support Services $ 299.16 for Expert Services Voucher # 0105736 ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/04/1995) |
| 08/09/1994 | | SEALED DOCUMENT S- 15 (rjc) (Entered: 01/05/1995) |
| 08/09/1994 | | SEALED DOCUMENT S- 16 (rjc) (Entered: 01/05/1995) |
| 08/09/1994 | | SEALED DOCUMENT S- 17 (rjc) (Entered: 01/05/1995) |
| 08/09/1994 | | SEALED DOCUMENT S- 18 (rjc) (Entered: 01/05/1995) |
| 08/11/1994 | 334 | NOTICE OF HEARING: set status conference for 9:30 8/18/94 for Herbert A. Raprager, for Janet G. Doyle, for Marvin Weimken, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Todd Swartout, for Joseph Close, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. (rjc) (Entered: 01/05/1995) |
| 08/11/1994 | 337 | MOTION by all defendants for jury questionnaire (rjc) (Entered: 01/05/1995) |
| 08/16/1994 | 340 | PROPOSED JURY INSTRUCTIONS by USA as to all defendants. (rjc) (Entered: 01/05/1995) |
| 08/16/1994 | 341 | NOTICE concerning evidence of co-conspirator/witness convictions or plea agreements by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/05/1995) |
| 08/18/1994 | 342 | STATUS CONFERENCE held on 8/18/94 before Judge Henry L. Adams |

| | | |
|---|---|---|
| | | Jr. as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer. 1 Month trial estimation. Case to remain on September 1994 trial calendar. Court Reporter: Kathleen Walden (rjc) (Entered: 01/05/1995) |
| 08/23/1994 | 351 | ORDER Amending Conditions of Release as to Marvin Weimken, James T. Estes, Todd Swartout, Joseph Close, Diane Boyer to permit travel to Minnesota for court purposes only. All other conditions of bond remain in effect. ( Signed by Magis. Judge Elizabeth A. Jenkins ) (rjc) (Entered: 01/05/1995) |
| 08/24/1994 | 357 | PROPOSED VOIR DIRE QUESTIONS by USA as to all defendants. (rjc) (Entered: 01/05/1995) |
| 08/24/1994 | 360 | TRIAL CALENDAR for September 1994 as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/05/1995) |
| 08/26/1994 | 366 | NOTICE to court of allegations by codefendant by Joseph Close, Diane Boyer and request for in camera hearing. (rjc) Modified on 01/05/1995 (Entered: 01/05/1995) |
| 08/30/1994 | 363 | NOTICE of conflict in schedule by Joseph Close (rjc) (Entered: 01/05/1995) |
| 08/30/1994 | 363 | MOTION by Joseph Close for protection of dates (rjc) (Entered: 01/05/1995) |
| 08/31/1994 | 365 | ORDER as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer case is rescheduled for the November trial term, set in camera hearing for 9:00 9/13/94 for Joseph Close and Diane Boyer on the notice to court of allegations by co defendant Scheduled for Judge Henry L. Adams Jr. ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/05/1995) |
| 09/07/1994 | | SEALED DOCUMENT S- 22 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 23 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 24 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 25 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 26 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 27 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 28 (rjc) (Entered: 01/05/1995) |

| 09/16/1994 | | SEALED DOCUMENT S- 29 (rjc) (Entered: 01/05/1995) |
|---|---|---|
| 09/16/1994 | | SEALED DOCUMENT S- 30 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 31 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 32 (rjc) (Entered: 01/05/1995) |
| 09/16/1994 | | SEALED DOCUMENT S- 33 (rjc) (Entered: 01/05/1995) |
| 09/30/1994 | 380 | NOTICE OF HEARING: set status conference for 9:00 10/14/94 for Herbert A. Raprager, for Janet G. Doyle, for Marvin Weimken, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Todd Swartout, for Charles Leirer, for Joseph Close, for James P. Parsons, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. (rjc) (Entered: 01/05/1995) |
| 10/18/1994 | 389 | STATUS CONFERENCE held on 10/14/94 before Judge Henry L. Adams Jr. as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer. Case to be set on trial calendar by subsequent order. Court Reporter: Kathleen Walden (rjc) (Entered: 01/05/1995) |
| 11/02/1994 | 395 | ORDER granting [382-2] motion for reconsideration of Magistrate Jenkin's [350-1] order denying motion of attorney withdrawal as to Diane Barrett (5), granting [352-1] motion for leave to file out of time as to Marvin Weimken (3), granting [346-1] motion for approval of CJA funds for transcripts as to Diane Boyer (12), granting [344-1] motion to adopt defendant Weimkens motion for leave to file out of time as to Diane Barrett (5), granting [100-1] motion for leave to file out of time as to Todd Swartout (7)denying [358-1] motion for to use demonstrative video in opening statement as to James T. Estes (6), denying [337-1] motion for jury questionnaire as to Herbert A. Raprager (1), Janet G. Doyle (2), Marvin Weimken (3), Darwin K. Albright (4), Diane Barrett (5), James T. Estes (6), Todd Swartout (7), Charles Leirer (8), Joseph Close (9), James P. Parsons (10), Percy O. Dean Choate (11), Diane Boyer (12), denying [295-1] motion to dismiss indictment for lack of jurisdiction to investigate as to Todd Swartout (7), denying [266-1] motion in limine to Herbert A. Raprager (1), denying [208-1] motion to sever as to James T. Estes (6), denying [193-1] motion to suppress as to James T. Estes (6)denying [105-1] motion for reconsideration of [103-1] order denying motion to suppress as to Herbert A. Raprager (1), denying [95-1] motion for severance of co-defendants as to Marvin Weimken (3), set evidentiary hearing on motions to suppress for 9:00 12/14/94 for Herbert A. Raprager, for Janet G. Doyle, for Marvin Weimken, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Todd Swartout, for Charles Leirer, for Joseph Close, for James P. Parsons, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: |

| | | |
|---|---|---|
| | | 01/05/1995) |
| 12/09/1994 | 402 | REQUEST by Joseph Close for protection of trial dates (rjc) (Entered: 01/05/1995) |
| 12/14/1994 | 404 | EVIDENTIARY HEARING held on 12/14/94 before Judge Henry L. Adams Jr. as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer. Court reserves ruling on all motions to suppress. Hearing will be rescheduled. Court Reporter: Kathleen Walden (rjc) (Entered: 01/05/1995) |
| 12/14/1994 | 405 | EXHIBIT LIST for evidentiary hearing by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/05/1995) |
| 12/20/1994 | 412 | CJA 20 Authorization to pay Darlene Calzon Barror for defendant Diane Boyer, Amount: $380.07 Voucher #0690929 ( Signed by Judge Henry L. Adams Jr. ) (rjc) (Entered: 01/05/1995) |
| 12/20/1994 | 413 | NOTICE of and disclosure of co-conspirators by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/05/1995) |
| 12/23/1994 | 435 | TRIAL CALENDAR ORDER for trial term 1/3/95 thru 1/31/95 as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (Signed by Judge Henry L. Adams Jr. ) (gg) (Entered: 01/06/1995) |
| 01/03/1995 | 427 | AMENDED NOTICE of and disclosure of co-conspirators by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 01/05/1995) |
| 01/06/1995 | 439 | ORDER denying Request for Protection 402 as to Joseph Close(9); denying [430-1] motion to continue trial as to Diane Barrett (5), denying [430-2] motion for W. Thomas Wadley to withdraw as attorney as to Diane Barrett (5)denying [433-1] motion to continue trial as to Todd Swartout (7), denying [433-2] motion for Omar F. Medina to withdraw as attorney to Todd Swartout (7)denying [434-1] motion to continue as to Herbert A. Raprager (1), denying [434-2] motion for Robert H. Dillinger to withdraw as attorney as to Herbert Raprager (1) ( Signed by Judge Henry L. Adams Jr. ) (gg) (Entered: 01/06/1995) |
| 01/09/1995 | 447 | STRICKEN per Order 1/10/95 (D 449) (gg) Modified on 01/10/1995 (Entered: 01/10/1995) |
| | | |

| 01/10/1995 | 448 | PROCEEDINGS of hearing before Judge Jenkins 1/10/95 to clarify Magistrate's Order re: travel and housing subsistance during trial as to defendant Barrett. (gg) (Entered: 01/10/1995) |
|---|---|---|
| 01/10/1995 | 449 | ORDER directing the Clerk to Strike the Government's Memorandum Concerning Various Fourth Amendment Issues (D 447) and return same to the Government ( Signed by Judge Henry L. Adams Jr. ) (gg) (Entered: 01/10/1995) |
| 01/10/1995 | 461 | DFENDANT'S EXHIBIT LIST (gg) (Entered: 01/11/1995) |
| 01/10/1995 | 462 | EXHIBIT LIST by USA (gg) (Entered: 01/11/1995) |
| 01/10/1995 | 463 | MOTION HEARING on Motion to Suppress held on 1/10/95 before Judge Henry L. Adams Jr. Court reserves ruling. Court Reporter: Kathleen Walden (gg) (Entered: 01/11/1995) |
| 01/11/1995 | 466 | PROPOSED TRIAL WITNESS LIST by USA (gg) (Entered: 01/12/1995) |
| 01/12/1995 | 470 | JURY TRIAL before Judge Henry L. Adams Jr. for Herbert A. Raprager (1) count(s) 1ss, 1s, 1, 2ss, 2s, 2-3, 3ss, 3s-5s, 4ss, 5ss, 8ss, 8s, 10ss, 10s, 13ss, 13s-15s, 14ss, 15ss, 17ss, 17s, Janet G. Doyle (2) count(s) 1ss, 1s, 1, 2ss, 2s, 2-3, 3ss, 3s-5s, 4ss, 5ss, 6ss-7ss, 6s-7s, 8ss, 8s, 9ss, 9s, 12ss, 12s, Darwin K. Albright (4) count(s) 1s, 1, 2s, 2, 5s, 5, Diane Barrett (5) count (s) 1s, 1, 2s, 2, 3s, 3-4, 4s, James T. Estes (6) count(s) 1s, 1, 2s, 2, 3s, 3-4, 4s, 13s, 13, Todd Swartout (7) count(s) 1s, 1, 2s, 2, 3s, 4s, 5s, 9s, 9, 11s, 11, 15s, 15, Joseph Close (9) count(s) 1, 2, 3-4, 5, 6-7, 8-16, 17, Percy O. Dean Choate (11) count(s) 1, 2, 5, Diane Boyer (12) count(s) 1, 2, 3-4, 5; held on 1/11/95 before Judge Adams. Court Reporter: Kathleen Walden (gg) (Entered: 01/13/1995) |
| 01/12/1995 | 471 | MOTION HEARING held 1/11/95 on defendant Swartout's Motion to suppress, before Judge Henry L. Adams Jr. Court reserves ruling. Court Reporter: Kathleen Walden (gg) (Entered: 01/13/1995) |
| 01/13/1995 | 473 | MEMORANDUM concerning admission of business records by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James Parsons, Percy O. Dean Choate, Diane Boyer (mss) (Entered: 01/17/1995) |
| 01/17/1995 | | (Court only) **Terminated deadlines as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (mss) (Entered: 01/17/1995) |
| 01/17/1995 | 474 | WITNESS LIST by Joseph Close (mss) (Entered: 01/19/1995) |
| 01/18/1995 | 476 | JURY TRIAL before Judge Henry L. Adams Jr. for held on 1/17/95, court adjourned until 9:15 1/18/95. Court Reporter: Kathleen Walden (mss) |

| | | (Entered: 01/19/1995) |
|---|---|---|
| 01/19/1995 | 477 | JURY TRIAL before Judge Henry L. Adams Jr. held on 1/18/95, defendant Close's motion for mistrial on grounds of prejudicial statements by witness is denied. Court Reporter: Kathleen Walden (mss) (Entered: 01/20/1995) |
| 01/19/1995 | | ORAL MOTION in open court by Joseph Close for Declaration of Mistrial (mss) (Entered: 01/20/1995) |
| 01/19/1995 | | ORAL ORDER denying [0-0] oral motion for Declaration of Mistrial as to Joseph Close (9) ( Entered by Judge Henry L. Adams Jr. ) (mss) (Entered: 01/20/1995) |
| 01/20/1995 | 478 | JURY TRIAL before Judge Henry L. Adams Jr., held on 1/19/95, trial to resume 10:00 1/20/95 Court Reporter: Kathleen Walden (mss) Modified on 01/20/1995 (Entered: 01/20/1995) |
| 01/20/1995 | 479 | JURY TRIAL before Judge Henry L. Adams Jr., held on 1/20/95, trial to resume 9:30 1/23/95. Court Reporter: Kathleen Walden (mss) (Entered: 01/20/1995) |
| 01/24/1995 | 483 | JURY TRIAL before Judge Henry L. Adams Jr. held on 1/23/95, court orders that news papers are to be delivered to jury panel each morning. Court to resume 1/24/95 at 9:15. Court Reporter: Kathleen Walden (mss) (Entered: 01/25/1995) |
| 01/25/1995 | 484 | JURY TRIAL before Judge Henry L. Adams Jr. held on 1/24/95, court adjourned until 9:30 1/25/95. Court Reporter: Kathleen Walden (mss) (Entered: 01/26/1995) |
| 01/25/1995 | 485 | JURY TRIAL before Judge Henry L. Adams Jr. held on 1/25/95, court adjouned until 9:30 1/26/95. Court Reporter: Kathleen Walden (mss) (Entered: 01/26/1995) |
| 01/26/1995 | 487 | JURY TRIAL before Judge Henry L. Adams Jr. held on 1/26/95, all defendant's motion's for judgment of acquittal - court reserves ruling. Court to resume 9:15 1/31/95. Court Reporter: Kathleen Walden (mss) (Entered: 01/30/1995) |
| 01/31/1995 | 492 | MOTION with Memorandum in Support by Joseph Close in limine (mss) (Entered: 02/01/1995) |
| 01/31/1995 | 493 | MEMORANDUM concerning admissibility of evidence by USA as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer (mss) (Entered: 02/01/1995) |
| 01/31/1995 | 495 | JURY TRIAL before Judge Henry L. Adams Jr., defendant Todd Swartout changes his plea to guilty, court adjourned until 9:15 2/1/95 held on 1/31/95 Court Reporter: Mike Cano (mss) (Entered: 02/01/1995) |
| | | |

| 01/31/1995 | | SEALED DOCUMENT S-38 (mss) (Entered: 02/06/1995) |
| 01/31/1995 | | SEALED DOCUMENT S-39 (mss) (Entered: 02/06/1995) |
| 01/31/1995 | | SEALED DOCUMENT S-40 (mss) (Entered: 02/06/1995) |
| 01/31/1995 | | SEALED DOCUMENT S-41 (mss) (Entered: 02/06/1995) |
| 01/31/1995 | 494 | NO PLEADING DOCKET IN ERROR. (mss) (Entered: 04/16/1996) |
| 02/01/1995 | 500 | COURT'S JURY INSTRUCTIONS (rjc) (Entered: 02/02/1995) |
| 02/01/1995 | 501 | JURY TRIAL before Judge Henry L. Adams Jr. resumed on 2/1/95. Recessed until 2/2/95. Court Reporter: Mike Cano (rjc) (Entered: 02/02/1995) |
| 02/02/1995 | 502 | COURT's EXHIBIT LIST (rjc) (Entered: 02/02/1995) |
| 02/02/1995 | 503 | EXHIBIT LIST by USA as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 02/02/1995) |
| 02/02/1995 | 504 | JURY TRIAL before Judge Henry L. Adams Jr. held on 2/2/95 Jury verdicts returned. Raprager - Guilty, Doyle - Guilty, Albright - Guilty, Barrett - Guilty, Estes - Guilty, Close - Guilty, Choate - Guilty, Boyer - Guilty. Defendants to remain released on same bond. Sentencing set for all defendants 4/21/95 at 9:00. PSI ordered. Court Reporter: Kathleen Walden (rjc) (Entered: 02/02/1995) |
| 02/02/1995 | 512 | JURY VERDICT of Guilty: Joseph Close (9) count(s) 1, 2, 3-4, 5, 6-7, 8-16, 17 (rjc) (Entered: 02/02/1995) |
| 02/02/1995 | 513 | BILL OF PARTICULARS by USA as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer (rjc) (Entered: 02/02/1995) |
| 02/03/1995 | 515 | STIPULATION for Forfeiture by Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, USA, Directing Forfeiture of monies identified in the indictment (gg) (Entered: 02/07/1995) |
| 02/08/1995 | 516 | NOTICE OF HEARING:, set Sentencing for 9:00 4/21/95 for Herbert A. Raprager, for Janet G. Doyle, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Joseph Close, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. (vgf) (Entered: 02/08/1995) |
| 03/03/1995 | 529 | NOTICE OF HEARING: reset Sentencing for 9:00 5/12/95 for Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, and Diane Boyer Scheduled for Judge Henry L. Adams Jr. (vgf) (Entered: 03/03/1995) |

| | | |
|---|---|---|
| 03/27/1995 | 545 | ORDER granting [543-1] motion to continue sentencing as to Diane Barrett (5), reset Sentencing for 9:00 5/8/95 for Herbert A. Raprager, for Janet G. Doyle, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Joseph Close, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. ( Signed by Judge Henry L. Adams Jr. ) (vgf) (Entered: 04/11/1995) |
| 04/12/1995 | 548 | NOTICE OF HEARING: reset Sentencing for 9:00 5/8/95 for Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer Scheduled for Judge Henry L. Adams Jr. (vgf) (Entered: 04/12/1995) |
| 05/04/1995 | 568 | NOTICE of change of address by John E. Swisher, counsel for James Estes (vgf) (Entered: 05/08/1995) |
| 05/04/1995 | 569 | MOTION with memorandum in support by USA as to Herbert A. Raprager, Janet G. Doyle, James T. Estes, Joseph Close for issuance of a preliminary order of forfeiture (vgf) (Entered: 05/08/1995) |
| 05/10/1995 | 571 | PRELIMINARY ORDER OF FORFEITURE granting [569-1] motion for issuance of a preliminary order of forfeiture as to Herbert A. Raprager (1), Janet G. Doyle (2), James T. Estes (6), Joseph Close (9). The Marshal shall seize the property for disposition pursuant to law. Upon adjudication of all third-party interests, this court will enter a Final Order of Forfeiture, pursuant to the provisions of Title 18, Section 982(b)(1) in which the interest of all parties will be addressed. ( Signed by Judge Henry L. Adams, Jr. ) (eel) Modified on 05/11/1995 (Entered: 05/10/1995) |
| 05/11/1995 | 573 | CJA 21 as to Joseph Close Authorization to Pay Tampa Legal Support Services $ 233.40 for Expert Services Supplemental Voucher # 0105736 ( Signed by Judge Henry L. Adams Jr. ) (vld) (Entered: 05/11/1995) |
| 05/26/1995 | 583 | MOTION by Joseph Close to travel Referred to Magistrate Judge Elizabeth A. Jenkins (vgf) (Entered: 05/30/1995) |
| 05/31/1995 | 584 | ORDER granting [583-1] motion to travel as to Joseph Close (9) ( Signed by Magistrate Judge Elizabeth A. Jenkins ) (vgf) (Entered: 05/31/1995) |
| 07/03/1995 | 589 | NOTICE OF HEARING: set Sentencing for 9:00 8/7/95 for Herbert A. Raprager, for Janet G. Doyle, for Darwin K. Albright, for Diane Barrett, for James T. Estes, for Joseph Close, for Percy O. Dean Choate, for Diane Boyer Scheduled for Judge Henry L. Adams Jr. (vgf) (Entered: 07/03/1995) |
| 07/28/1995 | 615 | MOTION by Joseph Close (filed pro se) for appointment of counsel presentencing/post-trial and defendant's notice of refusal to waive any claim or right to preserve error or raise constitutional issues as a result of ineffective assistance of counsel. (vgf) (Entered: 07/31/1995) |
| 07/28/1995 | 616 | MOTION by Joseph Close (filed pro se) for leave to file pro se, the defendant's (presentencing) motion for a new trial and to Postpone |

| | | Imposition of Sentence (vgf) (Entered: 07/31/1995) |
|---|---|---|
| 07/28/1995 | 617 | MOTION by Joseph Close (filed pro se) to Modify Conditions of Release (release pending appeal) (vgf) (Entered: 07/31/1995) |
| 07/28/1995 | 618 | MOTION by Joseph Close (filed pro se) for Judgment of Acquittal after discharge of the jury (vgf) (Entered: 07/31/1995) |
| 08/01/1995 | 622 | MOTION by Joseph Close for Daniel M. Hernandez to withdraw as attorney (vgf) (Entered: 08/04/1995) |
| 08/04/1995 | 626 | RESPONSE by USA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer re: [613-1] motion to Modify Conditions of Release, [617-1] motion to Modify Conditions of Release, [609-1] motion to Modify Conditions of Release, [605-1] motion to Modify Conditions of Release, [601-1] motion to Modify Conditions of Release, [597-1] motion to Modify Conditions of Release (release pending appeal in all instances) (vgf) (Entered: 08/07/1995) |
| 08/04/1995 | 627 | RESPONSE by USA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer in opposition to [612-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [611-1] motion for appointment of counsel, [616-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [615-1] motion for appointment of counsel, [608-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [607-1] motion for appointment of counsel, [604-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [603-1] motion for appointment of counsel, [600-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [599-1] motion for appointment of counsel, [596-1] motion for leave to file, pro se, the defendant's (presentencing) motion for a new trial, [595-1] motion for appointment of counsel (vgf) (Entered: 08/07/1995) |
| 08/04/1995 | 627 | MOTION by USA to strike [614-1] motion for Judgment of Acquittal, [613-1] motion to Modify Conditions of Release, [612-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [612-2] motion to Postpone Imposition of Sentence, [611-1] motion for appointment of counsel, [618-1] motion for Judgment of Acquittal, [617-1] motion to Modify Conditions of Release, [616-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [616-2] motion to Postpone Imposition of Sentence, [615-1] motion for appointment of counsel, [610-1] motion for Judgment of Acquittal, [609-1] motion to Modify Conditions of Release, [608-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [608-2] motion to Postpone Imposition of Sentence, [607-1] motion for appointment of counsel, [606-1] motion for Judgment of Acquittal, [605-1] motion to Modify Conditions of Release, [604-1] motion for leave to file |

| | | |
|---|---|---|
| | | pro se, the defendant's (presentencing) motion for a new trial, [604-2] motion to Postpone Imposition of Sentence, [603-1] motion for appointment of counsel, [602-1] motion for Judgment of Acquittal, [601-1] motion to Modify Conditions of Release, [600-1] motion for leave to file pro se, the defendant's (presentencing) motion for a new trial, [600-2] motion to Postpone Sentencing, [599-1] motion for appointment of counsel, [598-1] motion for Judgment of Acquittal after discharge of the jury, [597-1] motion to Modify Conditions of Release (release pending appeal), [596-1] motion for leave to file, pro se, the defendant's (presentencing) motion for a new trial, [596-2] motion to postpone imposition of sentence, [595-1] motion for appointment of counsel as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (vgf) (Entered: 08/07/1995) |
| 08/07/1995 | | ORAL ORDER granting [622-1] motion for Daniel M. Hernandez to withdraw as attorney (Terminated attorney Daniel Mario Hernandez as to Joseph Close (9) ( Entered by Judge Henry L. Adams Jr. ) (vgf) (Entered: 08/11/1995) |
| 08/08/1995 | 635 | SENTENCING before Judge Henry L. Adams Jr., as to Joseph Close (9) count(s) 1, 2, 3 -4 , 5 , 6 -7 , 8 -16 , 17 . Imprisonment: 168 months as to Counts 8 - 16; 120 months as to Counts 2 - 5 and 17; 60 months as to Counts 1, 6 and 7; concurrent. Court recommends confinement at a facility in Illinois. Supervised Release: 36 months as to Counts 1 thru 17; concurrent. Fine: waived. Special Assessment: $850.00 to be paid immediately. Defendant is remanded to custody of U.S. Marshal. Court Reporter: Kathleen Walden (vld) (Entered: 08/14/1995) |
| 08/08/1995 | | (Court only) **JS3 Closing Card for Joseph Close (vld) (Entered: 08/14/1995) |
| 08/09/1995 | 639 | NOTICE OF APPEAL by Joseph Close (9) count(s) 1, 2, 3-4, 5, 6-7, 8-16, 17 (no fee paid) (vld) (Entered: 08/14/1995) |
| 08/10/1995 | 645 | JUDGMENT in a criminal case (for offenses committed on or after 11/1/87) as to Joseph Close ( Signed by Judge Henry L. Adams Jr. ) MFR 1/DOC 2063 (vgf) (Entered: 08/14/1995) |
| 08/14/1995 | 650 | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket report, and Order/Judgment being appealed as to Joseph Close re: [639-1] appeal Appeal information sheet sent to counsel, notice sent to probation. C/R: Kathleen Walden and Mike Cano (vgf) (Entered: 08/14/1995) |
| 08/14/1995 | 656 | MOTION by USA to dismiss the Indictment and First Superseding Indictment, thereby leaving the Second Superseding Indictment in full force and effect as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane |

| | | |
|---|---|---|
| | | Boyer (vgf) Modified on 09/28/1995 (Entered: 08/15/1995) |
| 08/17/1995 | | ENDORSED ORDER granting [656-1] motion to dismiss as to Herbert A. Raprager (1), Janet G. Doyle (2), Marvin Weimken (3), Darwin K. Albright (4), Diane Barrett (5), James T. Estes (6), Todd Swartout (7), Charles Leirer (8), Joseph Close (9), James P. Parsons (10), Percy O. Dean Choate (11), Diane Boyer (12) (Signed by Judge Henry L. Adams Jr. ) (vgf) Modified on 09/28/1995 (Entered: 08/18/1995) |
| 08/18/1995 | 658 | JOINT MOTION by Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer for an evidentiary hearing on the issue of ineffective assistance of counsel. (vgf) (Entered: 08/18/1995) |
| 08/24/1995 | 665 | NOTICE of Docketing ROA from USCA as to Joseph Close Re: [639-1] appeal USCA Number: 95-3041 (vgf) (Entered: 08/28/1995) |
| 08/25/1995 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Joseph Close (vgf) (Entered: 08/28/1995) |
| 08/29/1995 | 672 | NOTICE of appearance of non-resident attorney for Joseph Close by attorney J. Brent Liedtke for appeal purposes (vgf) (Entered: 08/30/1995) |
| 08/30/1995 | | TRANSMITTAL forwarding 2 Appeal Information Sheets to USCA, (which were forwarded to this Court in error) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer. C/R's: Kathleen Walden and Mike Cano. USCA #95-3041 (vgf) (Entered: 08/30/1995) |
| 08/31/1995 | | TRANSMITTAL from USCA to counsel as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate and Diane Boyer that appeal will be dismissed in 14 days unless default(s) are corrected. 95-3041 (vgf) (Entered: 09/01/1995) |
| 09/08/1995 | 679 | APPEAL INFORMATION SHEET as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer [663-1] appeal, [660-1] appeal, [653-1] appeal, [648-1] appeal, [639-1] appeal, [640-1] appeal. All necessary transcripts are already on file with the exception of: motion hearings on 8/12/94 and 9/23/94 and sentencing on 8/7/95. Payment arrangements have not been made. Court Reporter: Kathleen Walden (vgf) Modified on 09/08/1995 (Entered: 09/08/1995) |
| 09/08/1995 | | TRANSMITTAL that USCA received the 2 appeal information sheets that were forwarded to USDC in error (8/30/95) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer. #95-3041 (vgf) (Entered: 09/11/1995) |
| 09/11/1995 | | Consolidated Lead Case (mss) (Entered: 09/22/1995) |
| 09/20/1995 | | TRANSMITTAL from USCA to J. Brent Liedtke that appeal will be |

| | | |
|---|---|---|
| | | dismissed in 14 days unless satisfactory financial arrangements are made for transcript preparation, as to Joseph Close. #95-3041 (vgf) (Entered: 09/20/1995) |
| 09/21/1995 | 686 | AMENDED ORDER that government's motion to consolidate #654 is granted and that cases 95-126-Cr-T-25(E), 95-130-Cr-T-25(C) are consolidated with 93-59-Cr-T-25(C) for all purposes and counsel for the parties are directed to reference the lower case number 93-59-Cr-T-25(C) on all future pleadings as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, Bruce Archer Fox, Jan W. Bawden ( Signed by Judge Henry L. Adams Jr. ) (mss) (Entered: 09/22/1995) |
| 09/21/1995 | | Text not available. (Entered: 09/25/1995) |
| 09/21/1995 | 687 | ORDER: DENYING [658-1] joint motion for an evidentiary hearing as to Herbert A. Raprager (1), Diane Barrett (5), James T. Estes (6), Joseph Close (9), Percy O. Dean Choate (11), Diane Boyer (12); DENYING [597-1] motion to Modify Conditions of Release (release pending appeal) as to Diane Barrett (5), DENYING [601-1] motion to Modify Conditions of Release as to Diane Boyer (12), DENYING [605-1] motion to Modify Conditions of Release as to Herbert A. Raprager (1), DENYING [609-1] motion to Modify Conditions of Release as to James T. Estes (6), DENYING [613-1] motion to Modify Conditions of Release as to Percy O. Dean Choate (11), DENYING [617-1] motion to Modify Conditions of Release as to Joseph Close (9); DENYING defendants' motions to waive requirement of designation of local counsel (Dkt. #'s 669,670,671,672,673, & 674; Mr. Liedtke has failed to show good cause why this requirement should be waived in this case; GRANTING [624-1], including those made ore tenus at sentencing in this case, motion for John E. Swisher to withdraw as attorney (Terminated as to James T. Estes, trial counsel for defendants Diane Barrett, Diane Boyer, Percy Choate, Joseph Close, James Estes and Herbert Raprager are relieved of representation for their clients on appeal. ( Signed by Judge Henry L. Adams Jr. ) (vgf) (Entered: 09/26/1995) |
| 09/22/1995 | 688 | APPEAL INFORMATION SHEET as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer. Satisfactory arrangements have not been made for payment of transcripts (2 hearing days; 400 pages). C/R: Mike Cano. (vgf) (Entered: 09/26/1995) |
| 09/26/1995 | 690 | TRANSMITTAL Notice from USCA as to Joseph Close re: filing fees need to be paid or appeal will be dismissed. 95-3041 (vgf) (Entered: 09/28/1995) |
| 10/24/1995 | 700 | ORDER (USCA) that petitioners' petition for writ of mandamus is DENIED as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (vgf) (Entered: 10/25/1995) |
| 10/24/1995 | 701 | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, Diane |

| | | |
|---|---|---|
| | | Barrett, James T. Estes, Joseph Close, Percy O. Dean Diane Boyer re: Limited Remand for further proceedings. Upon completion of remand proceedings a certified copy of the Order on Remand and updated docket sheet is to be forwarded to the USCA. (vgf) (Entered: 10/25/1995) |
| 10/24/1995 | 702 | ORDER (USCA) that the USDC is directed to conduct an in camera evidentiary hearing to determine who shall represent appellants Boyer, Choate, Estes, Raprager and Barrett (Close is proceeding pro se) as Mr. Liedtke is not admitted to practice before the USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (vgf) (Entered: 10/25/1995) |
| 11/20/1995 | 710 | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, and Joseph Close re: motions to withdraw, filed by Paul C. Looney, are being returned to him unfiled by USCA. #95-3041 (vgf) (Entered: 11/22/1995) |
| 11/30/1995 | | SEALED DOCUMENT S-42 (vgf) (Entered: 12/01/1995) |
| 11/30/1995 | 711 | NOTICE of appearance and designation as local counsel for Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer by attorney Edward Michael Gillick (vgf) (Entered: 12/01/1995) |
| 12/05/1995 | | SEALED DOCUMENT S- 43 (vgf) (Entered: 12/05/1995) |
| 12/05/1995 | | SEALED DOCUMENT S- 44 (vgf) (Entered: 12/05/1995) |
| 12/05/1995 | 713 | TRANSMITTAL Notice to USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer re: findings pursuant to USCA's Order dated 10/20/95. USCA #95-3041. (vgf) (Entered: 12/05/1995) |
| 12/28/1995 | 716 | STIPULATION AGREEMENT to substitute attorney Fred Vollrath in place of E. Michael Gillick and NOTICE OF APPEARANCE and designation as local counsel for defendants/ appellants as to Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate and Diane Boyer. (vgf) (Entered: 01/02/1996) |
| 12/28/1995 | 716 | NOTICE of appearance and STIPULATION AGREEMENT for Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer by attorney Frederick Wiley Vollrath (vgf) (Entered: 01/02/1996) |
| 02/08/1996 | 727 | CJA 24 Authorization to pay Kathleen Walden $ 237.45 for transcript Voucher # 1860503422 (Trial preparation as to Roger Sly, related case #95-130-CR-T-25) ( Signed by Judge Henry L. Adams Jr. ) (vgf) (Entered: 02/09/1996) |
| 02/12/1996 | 728 | TRANSMITTAL Notice from USCA to J. Brent Liedtke as to Joseph Close re: appeal will be dismissed in 14 if financial arrangements for transcript |

| | | |
|---|---|---|
| | | preparation with the court reported are not made. USCA #95-3041 (vgf) (Entered: 02/13/1996) |
| 02/12/1996 | 729 | TRANSMITTAL Notice from USCA to Daniel M. Hernandez as to Joseph Close re: appeal will be dismissed in 14 days if the appeal fee is not paid. USCA #95-3041 (vgf) (Entered: 02/13/1996) |
| 02/13/1996 | 730 | ORDER (USCA) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer that the clerk is directed to enter J. Brent Liedtke's appearance on behalf of all appellants except Close. USCA #95-3041 (vgf) (Entered: 02/14/1996) |
| 02/15/1996 | 734 | CJA 20 as to Joseph Close: Appointment of Attorney Daniel Mario Hernandez, Voucher # 0751023, Nunc Pro Tunc Date: 2/16/94. ( Signed by Magistrate Judge Elizabeth A. Jenkins ) (vgf) (Entered: 02/20/1996) |
| 02/21/1996 | 735 | TRANSMITTAL Notice to USCA as to Joseph Close re: copy of CJA form appointing trial counsel, Daniel Hernandez. Also certified copies of documents 622, 639, 672, 687, 711 & 716 and updated docket sheet. USCA #95-3041 (vgf) Modified on 02/21/1996 (Entered: 02/21/1996) |
| 03/21/1996 | 742 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/12/95 before Judge Henry Lee Adams, Jr. Volume 1. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 743 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/17/95 before Judge Henry Lee Adams, Jr. Volume 2. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 744 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/18/95 before Judge Henry Lee Adams, Jr. Volume 3. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 745 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/19/95 before Judge Henry Lee Adams, Jr. Volume 4. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 746 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/20/95 before Judge Henry Lee Adams, Jr. Volume 5. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |

| | | |
|---|---|---|
| 03/21/1996 | 747 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/23/95 before Judge Henry Lee Adams, Jr. Volume 6. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 748 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/24/95 before Judge Henry Lee Adams, Jr. Volume 7. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 749 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/25/95 before Judge Henry Lee Adams, Jr. Volume 8. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 750 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 1/26/95 before Judge Henry Lee Adams, Jr. Volume 9. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 751 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Todd Swartout, Joseph Close, Percy O. Dean Choate, Diane Boyer for trial proceedings held 2/2/95 before Judge Henry Lee Adams, Jr. Volume 12. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) Modified on 03/21/1996 (Entered: 03/21/1996) |
| 03/21/1996 | 752 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer for sentencing proceedings held 8/7/95 before Judge Henry Lee Adams, Jr. C/R: Kathleen Walden (Transcripts filed in separate folder.) (vgf) (Entered: 03/21/1996) |
| 04/04/1996 | 755 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer for jury trial held 1/31/95 (VOLUME 10) before Judge Henry Lee Adams, Jr. Court Reporter: Michael J. Cano (Transcripts filed in separate folder.) (vgf) Modified on 01/14/1997 (Entered: 04/05/1996) |
| 04/04/1996 | 756 | TRANSCRIPT filed as to Herbert A. Raprager, Janet G. Doyle, Darwin K. Albright, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer for jury trial held 2/1/95 (VOLUME 11) before Judge Henry Lee Adams, Jr. Court Reporter: Michael J. Cano (Transcripts filed in separate folder.) (vgf) Modified on 01/14/1997 (Entered: 04/05/1996) |

| 04/05/1996 | | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Diane Boyer re: request for certificate of readiness on 95-3041. (mss) (Entered: 04/09/1996) |
|---|---|---|
| 04/17/1996 | 758 | CERTIFICATE OF READINESS ( [663-1] appeal, [660-1] appeal, [653-1] appeal, [648-1] appeal, [639-1] appeal, [640-1] appeal ) with certified copies of indexed District Court docket sheet as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer sent to USCA (ROA will consist of: 6 PSI, 9 vol. of pleadings - (8 public volumes & 1 sealed volume); 9 expandables vol. exhibits; 15 vol. of transcripts - (14 public volumes & 1 sealed volume) 95-3041 (mss) (Entered: 04/17/1996) |
| 05/16/1996 | 760 | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Diane Boyer re: certificate of readiness was received by USCA on 4/18/96. (USCA #95-3041) (vgf) (Entered: 05/17/1996) |
| 05/16/1996 | 761 | CORRECTED ORDER (USCA) re: appearance by counsel J. Brent Liedtke as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (USCA #95-3041) (corrects order of USCA dated 2/9/96) (vgf) (Entered: 05/17/1996) |
| 06/12/1996 | | TRANSMITTAL Notice from USCA as to Joseph Close re: appellant's brief is scheduled to be filed by counsel on 6/25/96. (USCA #95-3041) (vgf) (Entered: 06/13/1996) |
| 08/16/1996 | 774 | US Marshal 285 form "Notice of Forfeiture" published in The La Gaceta on 7/26/96, 8/2/96 and 8/9/96 ($128.00) as to Herbert A. Raprager, Janet G. Doyle, James T. Estes, Joseph Close (vgf) (Entered: 08/21/1996) |
| 08/26/1996 | 775 | ORDER from USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer that appellants' motion for a procedureal order to compel the clerk of the USCA to file appellants' opening briefs and record excerpts is DENIED. Appellants' motion for leave to file their briefs out of time is DENIED AS MOOT. (USCA #95-3041) (vgf) (Entered: 08/27/1996) |
| 10/22/1996 | | (Court only) **Terminated document(s) as to Joseph Close : terminating as moot [492-1] motion in limine as to Joseph Close (9), terminating as moot [363-1] motion for protection of dates as to Joseph Close (9) (TERMINATED MOTIONS PURSUANT TO MEMO FROM MARY OLIVER, JUDGE ADAMS' CHAMBERS DATED 10/15/96) (vgf) (Entered: 10/22/1996) |
| 11/07/1996 | 779 | ORDER that the request for attorney's fees exceeding $3,500.00 and late claim for compensation of court-appointed counsel is DENIED without prejudice as to Joseph Close ( Signed by Judge Henry L. Adams Jr. ) (vgf) (Entered: 11/08/1996) |

| | | |
|---|---|---|
| 11/12/1996 | 780 | MOTION and amended memorandum in support by Joseph Close for reconsideration of court-appointed attorney's fees exceeding $3,500.00 and late claim for compensation of court appointed counsel ([779-1] order denied memorandum) (vgf) (Entered: 11/13/1996) |
| 11/13/1996 | | (Court only) **Case closed as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, Bruce Archer Fox, Jan W. Bawden (all defendants). (vgf) (Entered: 11/21/1996) |
| 11/14/1996 | 782 | ORDER granting [780-1] motion for reconsideration of court-appointed attorney's fees exceeding $3,500.00 and late claim for compensation of court appointed counsel ([779-1] order denied memorandum) as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr. ) (vgf) (Entered: 11/21/1996) |
| 12/13/1996 | 784 | TRANSMITTAL from USCA as to Joseph Close that record excerpts filed by attorney Liedtke are deficient. (USCA #95-3041) (vgf) (Entered: 12/16/1996) |
| 12/13/1996 | 785 | ORDER (USCA) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer. (refer to Order for more information)(USCA #95-3041) (vgf) (Entered: 12/16/1996) |
| 01/09/1997 | 786 | TRANSMITTAL from USCA that appellee's brief are scheduled to be filed by counsel on 1/21/97 as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer. (USCA #95-3041) (vgf) (Entered: 01/10/1997) |
| 01/22/1997 | 787 | CJA 20 Authorization to pay Daniel Mario Hernandez for defendant Joseph Close, Amount: $ 15,054.00, Voucher #0751023 ( Signed by Judge Henry L. Adams Jr. ) (vgf) Modified on 01/23/1997 (Entered: 01/23/1997) |
| 03/28/1997 | | (Court only) **Terminated document(s) as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, Bruce Archer Fox, Jan W. Bawden, USA : (vld) (Entered: 03/28/1997) |
| 05/16/1997 | 789 | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer re: request to forward the record on appeal. (USCA# 95-3041) (dlg) (Entered: 05/19/1997) |
| 05/19/1997 | 790 | RECORD ON APPEAL transmitted to USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer : [758-1] appeal (ROA will consist of: 6 SEALED PSIs, 9 vol. pleadings, (8 public vols., 1 SEALED vol.; 9 vol. exhibits; 15 vol. transcripts, 14 public vol., 1 SEALED vol.) (USCA# 95-3041) (dlg) |

| | | |
|---|---|---|
| | | (Entered: 05/19/1997) |
| 06/23/1997 | 791 | TRANSMITTAL Notice from USCA as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer re: receipt of ROA on 5/20/97 (USCA #95-3041) (vgf) (Entered: 06/25/1997) |
| 09/10/1997 | 792 | JUDGMENT OF USCA (certified copy) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer Re: [663-1] appeal, [660-1] appeal, [653-1] appeal, [648-1] appeal, [639-1] appeal, [640-1] appeal affirming judgment/order Herbert A. Raprager (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 8ss, 10ss, 13ss, 14ss, 15ss, 17ss, Diane Barrett (5) count(s) 1s, 2s, 3s, 4s, James T. Estes (6) count(s) 1s, 2s, 3s, 4s, 13s, Joseph Close (9) count(s) 1, 2, 3-4, 5, 6-7, 8-16, 17, Percy O. Dean Choate (11) count(s) 1, 5, Diane Boyer (12) count(s) 1, 3-4, 5 MFR Number 4/Doc. 1043 Mandate date: 9/5/97 USCA EOD: 8/1/97 (USCA #95-3041) (vgf) (Entered: 09/11/1997) |
| 09/10/1997 | 793 | RECORD ON APPEAL as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer returned from U.S. Court of Appeals: [758-1] appeal (ROA consisted of: 6 sealed PSI's, 9 vol. (8 public and 1 sealed) pleadings; 9 expandable folders of exhibits; 15 vol. (14 public and 1 sealed) transcripts) (USCA #95-3041) (vgf) (Entered: 09/11/1997) |
| 09/10/1997 | | (Court only) **Remove appeal flag - no further appeals pending (vgf) (Entered: 09/11/1997) |
| 09/10/1997 | | (Court only) **Terminated pending appeal as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer (USCA #95-3041) (vgf) (Entered: 09/11/1997) |
| 09/11/1997 | | PRESENTENCE INVESTIGATION REPORTS as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer returned to Probation. (vgf) (Entered: 09/11/1997) |
| 09/12/1997 | 794 | RECEIPT for exhibits and/or exhibit substitutes of Governments as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, Bruce Archer Fox, Jan W. Bawden (mss) (Entered: 09/15/1997) |
| 11/05/1997 | 795 | ORDER (USCA) as to Herbert A. Raprager, Diane Barrett, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer denying appellants' motion to recall the USCA's mandate; and denying as moot appellants' motion for leave to file a rehearing petition out of time (Signed by U.S. Circuit Judge Gerald Tjoflat) (USCA# 95-3041) (dlg) (Entered: 11/06/1997) |
| 11/24/1997 | 798 | MOTION by USA for final judgment of forfeiture of U.S. currency in the |

| | | amount of $51,450.00 as to Herbert A. Raprager, Janet G. Doyle, James T. Estes, Joseph Close (sak) (Entered: 11/25/1997) |
|---|---|---|
| 01/28/1998 | 800 | FINAL JUDGMENT of FORFEITURE as to Herbert A. Raprager, Janet G. Doyle, James T. Estes, Joseph Close granting [798-1] motion for final judgment of forfeiture of U.S. currency in the amount of $51,450.00 ( Signed by Judge Henry L. Adams Jr. ) MFR 4/D# 2903 (sak) (Entered: 01/28/1998) |
| 11/02/1998 | 810 | MOTION by Joseph Close for leave for Keith E. Golden to appear pro hac vice (dfd) (Entered: 11/03/1998) |
| 11/02/1998 | 811 | MOTION by Joseph Close to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 (Civil Action # 98-2250-CIV-T-25C); exhibits attached. (Document filed separately in expandable folder) (dfd) Modified on 11/04/1998 (Entered: 11/03/1998) |
| 11/02/1998 | 812 | MEMORANDUM of law by Joseph Close in support of [811-1] motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 (dfd) (Entered: 11/03/1998) |
| 11/05/1998 | 813 | ORDER denying without prejudice [810-1] motion for leave for Keith E. Golden to appear pro hac vice. Terminated attorney Keith E. Golden as to Joseph Close (9). ( Signed by Judge Henry L. Adams Jr. ) (eec) (Entered: 11/06/1998) |
| 12/03/1998 | 820 | MOTION with memorandum in support by USA as to Joseph Close to dismiss motion to vacate, set aside, or correct sentence (jlh) (Entered: 12/04/1998) |
| 12/03/1998 | 822 | DESIGNATION AND CONSENT TO ACT for Joseph Close by local counsel Robert R. Warchola Jr.; non-resident counsel: Keith E. Golden (dfd) (Entered: 12/04/1998) |
| 12/03/1998 | 823 | RENEWED MOTION by Joseph Close for Keith E. Golden to appear as counsel pro hac vice (dfd) (Entered: 12/04/1998) |
| 12/14/1998 | 824 | ORDER Response to motion reset to 1/4/99 for Joseph Close for [820-1] motion to dismiss to vacate, set aside, or correct sentence ( Signed by Judge Henry L. Adams Jr. ) (dfd) (Entered: 12/15/1998) |
| 12/14/1998 | 825 | ORDER granting [823-1] motion for Keith E. Golden to appear as counsel pro hac vice as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr. ) (dfd) (Entered: 12/15/1998) |
| 12/14/1998 | 827 | REPLY by Joseph Close to government's [820-1] motion to dismiss motion to vacate, set aside, or correct sentence (dfd) (Entered: 12/15/1998) |
| 12/18/1998 | 830 | AMENDED MOTION by USA with memorandum of law as to Joseph Close amended motion to dismiss defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 referring to: [820-1] |

| | | |
|---|---|---|
| | | motion to dismiss motion to vacate, set aside, or correct sentence (dfd) (Entered: 12/21/1998) |
| 01/05/1999 | 831 | RESPONSE by Joseph Close to [830-1] govt amended motion amended motion to dismiss defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255. (eec) (Entered: 01/05/1999) |
| 01/07/1999 | 832 | ORDER dismissing as time-barred [811-1] motion to vacate, set aside, or correct sentence pursuant to 28 section 2255; denying as moot [820-1] motion to dismiss motion to vacate, set aside, or correct sentence; and denying as moot [830-1] amended motion to dismiss defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. section 2255 as to Joseph Close (9). The Clerk is directed to close case number 98-2250-CIV-T-25C. ( Signed by Judge Henry L. Adams, Jr. ) MFR 6/1704 (dfd) Modified on 01/13/1999 (Entered: 01/08/1999) |
| 02/03/1999 | 837 | NOTICE OF APPEAL appealing [832-1] order denying 2255 motion Certificate of Readiness due on 2/18/99 for Joseph Close (src) (Entered: 02/05/1999) |
| 02/03/1999 | 838 | MOTION by Joseph Close to extend time to file application for certificate of appealability (gw) (Entered: 02/05/1999) |
| 02/03/1999 | 839 | MOTION by Joseph Close to proceed on appeal in forma pauperis (gw) (Entered: 02/05/1999) |
| 02/08/1999 | 840 | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket report, and Order/Judgment being appealed as to Joseph Close re: [837-1] appeal Appeal information sheet sent to counsel, notice sent to probation. (dlg) (Entered: 02/08/1999) |
| 02/10/1999 | 846 | ORDER as to Joseph Close granting [837-1] notice of appeal which is construed as a motion for certificate of appealability as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr. ) (dlg) (Entered: 02/11/1999) |
| 02/11/1999 | 848 | TRANSMITTAL Notice to USCA as to Joseph Close, Diane Boyer re: forwarding certified copies of doc. #s 846 and 847. (dlg) (Entered: 02/11/1999) |
| 02/18/1999 | 852 | NOTICE of Docketing ROA from USCA as to Joseph Close Re: [837-1] appeal USCA Number: 99-2260 The initial appeal package was received by the USCA on 2/10/99 (USCA# 99-2260) (dlg) (Entered: 02/22/1999) |
| 02/22/1999 | | (Court only) **Reset last document number to 850 (dlg) (Entered: 02/22/1999) |
| 02/22/1999 | | (Court only) **Reopen document(s) as to Joseph Close [837-1] appeal (dlg) (Entered: 02/22/1999) |
| 03/08/1999 | 856 | TRANSMITTAL Notice from USCA as to Joseph Close re: request to fax copy of doc. #832 (order) (USCA# 99-2296) (dlg) (Entered: 03/08/1999) |

| 03/08/1999 | 857 | TRANSMITTAL Notice to USCA as to Joseph Close re: faxing copy of doc. #832, per written request (USCA# 99-2296) (dlg) (Entered: 03/08/1999) |
| 03/11/1999 | | REQUEST BY USCA FOR STATUS re: Joseph Close (motion for ifp and coa that were filed on 2/3/99) *NOTE: NO RULING ON MOTION FOR IFP AS OF 3/16/99, BUT ON 2/10/99, THERE IS AN ORDER GRANTING COA (DOC. # 846) A COPY OF THIS DOC. WERE FORWARDED TO USCA ON 2/11/99. (USCA# 99-2260) (dlg) (Entered: 03/16/1999) |
| 04/27/1999 | | (Court only) **Reset last document number to 860 (vld) (Entered: 04/27/1999) |
| 04/29/1999 | | (Court only) **Reset last document number to 860 (vld) (Entered: 04/29/1999) |
| 05/07/1999 | | ACKNOWLEDGEMENT of receipt of certified paperwork regarding probation transfer from the Northern District of Illinois on 5/3/99. (99CR337 - Judge Leinenweber) (smb) (Entered: 05/07/1999) |
| 09/20/1999 | 874 | TRANSMITTAL Notice from USCA as to Joseph Close re: request for copy of order re: appellant's motion to proceed on appeal in forma pauperis and certificate of appealability. (USCA number 99-2260-A) (crs) (Entered: 09/23/1999) |
| 09/20/1999 | 875 | TRANSMITTAL Notice to USCA as to Joseph Close re: certified copy of [846-1] order granting appellant's motion for certificate of appealability. There has not been a ruling on appellant's motion to proceed on appeal in forma pauperis. (USCA number 99-2260-A) (crs) Modified on 09/23/1999 (Entered: 09/23/1999) |
| 10/01/1999 | 878 | ORDER denying as moot [838-1] motion to extend time to file application for certificate of appealability as to Joseph Close (9), granting [839-1] motion to proceed on appeal in forma pauperis as to Joseph Close (9) ( Signed by Judge Henry L. Adams Jr.) (USCA number 99-2260-A) (crs) (Entered: 10/01/1999) |
| 10/01/1999 | 879 | TRANSMITTAL Notice to USCA as to Joseph Close re: certified copy of [878-1] order denying as moot petitioner's motion for extension of time to file application for certificate of appealability; granting petitioner's [839-1] motion to proceed on appeal in forma pauperis. (USCA number 99-2260-A) (crs) (Entered: 10/01/1999) |
| 10/05/1999 | 880 | TRANSMITTAL Notice from USCA dated 9/28/99 as to Joseph Close re: certified copy of [846-1] order granting appellant's motion for certificate of appealability. (USCA number 99-2260) (crs) Modified on 10/06/1999 (Entered: 10/06/1999) |
| 10/08/1999 | 881 | TRANSMITTAL Notice from USCA dated 10/5/99 as to Joseph Close re: |

| | | |
|---|---|---|
| | | certified copy of [878-1] denying as moot petitioner's [838-1] motion for extension of time to file application certificate of appealability and granting [839-1] motion to proceed on appeal in forma pauperis. (USCA number 99-2260-A) (crs) Modified on 10/12/1999 (Entered: 10/12/1999) |
| 10/08/1999 | 882 | TRANSMITTAL Notice from USCA dated 10/5/99 requesting certificate of readiness as to Joseph Close. USCA 99-2260-A. (gw) (Entered: 10/12/1999) |
| 03/02/2000 | 889 | CERTIFICATE OF READINESS ( [837-1] appeal ) with certified copies of indexed District Court docket sheet as to Joseph Close sent to USCA (ROA will consist of: PSI; 1 vol. pleadings; vol. exhibits which is the entire court file.) (USCA number 99-2260-AA) (crs) Modified on 06/29/2000 (Entered: 03/02/2000) |
| 07/05/2000 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Joseph Close (crs) (Entered: 07/06/2000) |
| 07/07/2000 | | ACKNOWLEDGMENT as to Joseph Close by USCA re: [837-1] appeal of receiving certificate of readiness on 7/3/00 USCA # 99-2260-A (crs) (Entered: 07/10/2000) |
| 07/13/2000 | | (Court only) **TERMINATED attorney Edward Michael Gillick for Joseph Close (mrh) (Entered: 07/13/2000) |
| 07/13/2000 | | (Court only) **TERMINATED attorney Frederick Wiley Vollrath for Joseph Close (mrh) (Entered: 07/13/2000) |
| 09/06/2000 | | Sealed transcript returned from USCA as to Joseph Close. The mandate for this case issued on 9/5/97. USCA# 95-3071 (crs) (Entered: 09/06/2000) |
| 01/11/2001 | | REQUEST by USCA to forward record on appeal as to James T. Estes, Joseph Close [841-1] appeal, [837-1] appeal USCA # 99-2260, 99-2296 (to include 8:98-cv-2250-T-25C) (crs) Modified on 01/12/2001 (Entered: 01/12/2001) |
| 01/12/2001 | | RECORD on appeal sent to USCA as to James T. Estes, Joseph Close re: [841-1] appeal, [837-1] appeal (ROA consists 2 PSI's, Volume pleadings: 2; Volume exhibits: 9 (this includes 8 criminal court files and 1 civil court file 98-cv-2250-T-25C sent as exhibits) (Document #811 filed separately) USCA# 99-2260, 99-2296 etc (crs) Modified on 01/12/2001 (Entered: 01/12/2001) |
| 01/23/2001 | | (Court only) **CHANGE attorney (Frederick Vollrath) information for Janet G. Doyle, Darwin K. Albright, James T. Estes, Joseph Close, Percy O. Dean Choate, Diane Boyer, Diane Barrett (ag) Modified on 01/23/2001 (Entered: 01/23/2001) |
| 01/23/2001 | | ACKNOWLEDGMENT as to James T. Estes, Joseph Close by USCA re: [841-1] appeal, [837-1] appeal of receiving record on appeal on 1/16/01. |

| | | USCA # 99-2260-A, USCA# 99-2296-A (crs) (Entered: 01/23/2001) |
|---|---|---|
| 03/20/2001 | | PARTIAL RECORD on appeal sent to USCA as to Joseph Close re: [837-1] appeal (ROA consists of: Volume pleadings: containing document #811) USCA# 99-2260-A (This pleading was not sent with the record on appeal that was forwarded to the USCA on 1/12/01. USCA # 99-2260-A (crs) (Entered: 03/20/2001) |
| 03/27/2001 | | ACKNOWLEDGMENT as to Joseph Close by USCA re: [837-1] appeal of receiving document #811 on 3/22/01 forwarded as part of the record on appeal. USCA # 99-2260-A (crs) (Entered: 03/28/2001) |
| 05/22/2001 | 890 | ORDER as to James T. Estes, Joseph Close re: the remand of the USCA, with directions to specify the issue(s) upon which this Court granted the certificate of appealability. Upon consideration of the record herein, it is ordered that this Court grants a certificate of appealability as to the following issue: whether petitioners' motions to vacate, set aside, or correct sentences pursuant to 28 U.S.C. 2255, are time-barred. ( Signed by Judge Henry L. Adams Jr. ) ctc (dlg) Modified on 05/24/2001 (Entered: 05/23/2001) |
| 05/23/2001 | | TRANSMITTAL to USCA re: [841-1] appeal, [837-1] appeal as to James T. Estes, Joseph Close forwarding certified copy order (890-1) granting certificate of appealability on one issue. USCA # 99-2260-A (dlg) (Entered: 05/23/2001) |
| 06/05/2001 | | ACKNOWLEDGMENT as to James T. Estes, Joseph Close by USCA re: [841-1] appeal, [837-1] appeal of receiving copy of order granting certificate of appealability on one issue, re: remand from USCA on 5/25/01. USCA # 99-2260-A (crs) (Entered: 06/07/2001) |
| 04/04/2002 | | USCA'S RETURN of the record on appeal re: Joseph Close [2 vol. pleadings - record on appeal; the original criminal court file: 8 vol. pleadings and 2 vol. documentary exhibits; and the original civil court file: 1 vol. pleadings]. USCA number 99-2260-AA (dlg) (Entered: 04/05/2002) |
| 12/05/2002 | 893 | ORDER entered at USCA as to James T. Estes, Joseph Close re: [837-1] appeal, [841-1] appeal that appellant Estes' construed motion to discharge counsel and to appoint substitute counsel is granted. Appellant Closes' motion to retain court-appointed counsel is denied. Substitute counsel will be appointed for appellants by separate order. Mr. Christian's motion for a 30 day extension of time is denied as moot. Appellant's supplemental brief will be due to be filed within 40 days of the date that substitute counsel is appointed. USCA # 99-2260, USCA 99-2296 (crs) (Entered: 12/06/2002) |
| 07/02/2003 | | REQUEST by USCA to forward 2 volumes of record on appeal as to James T. Estes, Joseph Close [841-1] appeal, [837-1] appeal. USCA # 99-2260-A and 99-2296-A (dlg) (Entered: 07/02/2003) |
| 07/02/2003 | | TRANSMITTAL to USCA re: [841-1] appeal, [837-1] appeal as to James |

| | | |
|---|---|---|
| | | T. Estes, Joseph Close forwarding 2 volumes of record on appeal. USCA # 99-2260-A and 99-2296-A (dlg) (Entered: 07/02/2003) |
| 07/10/2003 | | ACKNOWLEDGMENT as to James T. Estes, Joseph Close by USCA re: [841-1] appeal, [837-1] appeal of receiving 2 volumes of pleadings. No date stamp USCA # 99-2260-AA, 99-2296 -AA (crs) (Entered: 07/10/2003) |
| 09/05/2003 | 895 | USCA DECISION (certified copy) as to Joseph Close (9) re: [837-1] appeal affirming judgment/order (Opinion attached) Mandate date: 9/3/03 USCA EOD: 7/8/03 USCA # 99-2260-AA (crs) (Entered: 09/05/2003) |
| 09/05/2003 | | RECORD on appeal as to James T. Estes, Joseph Close returned from USCA re: (ROA consists of: 2 PSI's, Volume pleadings: 8; Volume transcripts: 13; Volume exhibits: 2 folders (documentary;) USCA# 99-2260-AA (crs) (Entered: 09/05/2003) |
| 09/05/2003 | | PRESENTENCE INVESTIGATION REPORT as to James T. Estes, Joseph Close returned to probation. (crs) (Entered: 09/05/2003) |
| 09/05/2003 | | (Court only) **CLEARED appeal flag - no further appeals pending (crs) (Entered: 09/05/2003) |
| 09/05/2003 | | RECORD (consisting of 8 volumes of pleadings, 2 folders of documents # 1 and 811; and 15 transcripts forwarded to Judge Adams (Jacksonville) (crs) Modified on 09/10/2003 (Entered: 09/05/2003) |
| 09/15/2003 | | (Court only) **Renotice document [896-1] order (bls) (Entered: 09/16/2003) |
| 09/17/2003 | | TWO VOLUMES OF PLEADINGS returned from USCA as to James T. Estes, Joseph Close (crs) (Entered: 09/17/2003) |
| 02/02/2004 | | The record consisting of 8 volumes of pleadings, 15 transcripts, 2 folders of exhibits returned from Jacksonville. (crs) (Entered: 02/02/2004) |
| 02/03/2004 | | (Court only) **Renotice document [897-1] order (bls) (Entered: 02/03/2004) |
| 03/30/2006 | 900 | MOTION for interruption and stay of sentence by Joseph Close. (LRB) (Entered: 04/03/2006) |
| 04/04/2006 | | (Court only) ***MOTIONS as to Joseph Close 900 MOTION interruption and stay of sentence REFERRED to Magistrate Judge: James D. Whittemore. (ejc) (Entered: 04/04/2006) |
| 04/06/2006 | | Case as to Herbert A. Raprager, Janet G. Doyle, Marvin Weimken, Darwin K. Albright, Diane Barrett, James T. Estes, Todd Swartout, Charles Leirer, Joseph Close, James P. Parsons, Percy O. Dean Choate, Diane Boyer, Bruce Archer Fox, Jan W. Bawden reassigned to Judge James D. Whittemore to Judge James D. Whittemore. Judge Henry Lee Adams, Jr no longer assigned to the case. New case number: 8:93-cr-59-T-27EAJ (jnb) |

| | | (Entered: 04/06/2006) |
|---|---|---|
| 04/14/2006 | 901 | ORDER directing the Government to file a response to the 900 MOTION interruption and stay of sentence filed by Joseph Close. Signed by Judge James D. Whittemore on 4/13/2006. (klc) (Entered: 04/14/2006) |
| 04/14/2006 | | (Court only) ***COPIES mailed to Counsel: Edward Michael Gillick, J. Brent Liedtke, Monte Richardson, Dean J. Siotos as to Joseph Close re 901 Order. (ejc) (Entered: 04/17/2006) |
| 04/24/2006 | 902 | RESPONSE to motion by United States of America as to Joseph Close re 900 MOTION interruption and stay of sentence (Attachments: # 1 # 2 # 3) (Monk, Robert) (Entered: 04/24/2006) |
| 04/27/2006 | 903 | ORDER denying 900 Defendant's Motion for Interruption and Stay of Sentence. Signed by Judge James D. Whittemore on 4/27/2006. (klc) (Entered: 04/27/2006) |
| 05/01/2006 | | (Court only) ***COPIES mailed to Joseph Close, Counsel: Edward Michael Gillick, J. Brent Liedtke, Monte Richardson, Dean J. Siotos as to Joseph Close re 903 Order on Motion for Miscellaneous Relief. (ejc) (Entered: 05/01/2006) |
| 05/11/2006 | 904 | MOTION for reconsideration re 903 Order on Motion for Miscellaneous Relief by Joseph Close. (ejc) (Entered: 05/12/2006) |
| 05/16/2006 | 905 | ORDER denying 904 Defendant's Motion to Recall the Mandate for Interruption and Stay of Sentence. Signed by Judge James D. Whittemore on 5/15/2006. (klc) (Entered: 05/16/2006) |
| 05/17/2006 | | (Court only) ***COPIES mailed to Counsel: Edward Michael Gillick, J. Brent Liedtke, Monte Richardson, Dean J. Siotos as to Joseph Close; re 905 Order on Motion for Reconsideration. (ejc) (Entered: 05/17/2006) |
| 05/18/2006 | 906 | MOTION to amend/correct 900 MOTION interruption and stay of sentence filed by Joseph Close, by Joseph Close. (ejc) (Entered: 05/22/2006) |
| 05/18/2006 | 907 | REPLY to response to motion by Joseph Close re 902 MOTION interruption and stay of sentence 902 RESPONSE to motion interruption and stay of sentence by USA. (ejc) (Entered: 05/22/2006) |
| 05/24/2006 | 908 | ORDER denying as moot 906 Motion to amend/correct as to Joseph Close (9) . Signed by Judge James D. Whittemore on 5/23/2006. (kle) (Entered: 05/24/2006) |
| 05/25/2006 | | (Court only) ***COPIES mailed to Counsel: Edward Michael Gillick, J. Brent Liedtke, Monte Richardson, Dean J. Siotos as to Joseph Close; re 908 Order on motion to amend/correct. (ejc) (Entered: 05/25/2006) |
| 03/21/2008 | 909 | TRANSFER of jurisdiction to Northern District of Illinois as to Joseph Close Transmitted transfer of jurisdiction form, with certified copies of |

indictment, judgment and docket sheet. (EJC) (Entered: 03/24/2008)

AO 245S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

FILED

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

95 AUG 10 AM 8: 56

UNITED STATES OF AMERICA

VS.

JOSEPH CLOSE

THE DEFENDANT:

I certify the foregoing to be a true
and correct copy of the original.

SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _Ena Calderon_
Deputy Clerk

TAMPA DIVISION

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER:    TAMPA-FLORIDA
Defendant's Attorney:    Daniel Hernandez

__ pleaded guilty to count(s) .

**X** was found guilty on count(s) One through Seventeen after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18 § 371 | Conspiracy to commit fraud and money laundering | 02/93 | One |
| 18 § 2314 | Interstate transportation of stolen property | 02/08/93 | Two |
| 18 § 2314 | Interstate transportation of stolen property | 01/14/93 | Three |
| 18 § 2314 | Interstate transportation of stolen property | 01/15/93 | Four |
| 18 § 2314 | Interstate transportation of stolen property | 01/29/93 | Five |
| 18 § 1343 | Wire fraud | 01/15/93 | Six |
| 18 § 1343 | Wire fraud | 01/25/93 | Seven |
| 18 § 1956(a)(1) | Money laundering | 12/22/92 | Eight |
| 18 § 1956(a)(1) | Money laundering | 12/24/92 | Nine |
| 18 § 1956(a)(1) | Money laundering | 01/05/93 | Ten |
| 18 § 1956(a)(1) | Money laundering | 01/06/93 | Eleven |
| 18 § 1956(a)(1) | Money laundering | 01/12/93 | Twelve |
| 18 § 1956(a)(1) | Money laundering | 01/22/93 | Thirteen |
| 18 § 1956(a)(1) | Money laundering | 01/27/93 | Fourteen |
| 18 § 1956(a)(1) | Money laundering | 01/30/93 | Fifteen |
| 18 § 1956(a)(1) | Money laundering | 02/08/93 | Sixteen |
| 18 § 1957 | Engaging in monetary transactions with property from specified unlawful activity | 01/14/93 | Seventeen |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s) and is discharged as to such count(s).
__ Count(s) (is)(are) dismissed on the motion of the United States.
**X** It is ordered that the defendant shall pay a special assessment of $850.00, for count(s) One through Seventeen, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    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

Defendant's Date of Birth:    09/21/42

Date of Imposition of Sentence: 08/07/95

Defendant's Mailing Address:    8301 Necedah Dr.
Roscoe, IL 61063

Defendant's Residence Address:    c/o U.S. Marshal

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

M'FILM ROLL # ____/____ , DATE: August _10_ , 1995.
DOCUMENT # _2063_

.O 245S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:     **JOSEPH CLOSE**                                    Judgment - Page 2 of 4
Case No.:      **93-59-CR-T-25C**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be

imprisoned for a term of ONE HUNDRED SIXTY-EIGHT (168) MONTHS as to Counts 8 through 16; ONE

HUNDRED TWENTY (120) MONTHS as to Counts 2 through 5 and 17; SIXTY (60) MONTHS as to Counts 1, 6

and 7.  The sentence imposed in each count shall run concurrently.

 __X__  The court makes the following recommendations to the Bureau of Prisons:  The Court recommends confinement
at a facility in Illinois.

 __X__  The defendant is remanded to the custody of the United States Marshal.
 ___  The defendant shall surrender to the United States Marshal for this district.

        ___ at ___ on _____.
        ___ as notified by the United States Marshal.

 ___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

        ___ before 2 p.m. on _____.
        ___ as notified by the United States Marshal.
        ___ as notified by the probation office.
        ___ as notified by the United States Marshal, but not before _____.

## RETURN

I have executed this judgment as follows:

_____

_____
_____

Defendant delivered on _____ to _____at
_____, with a certified copy of this judgment.

                                    _____
                                    United States Marshal

                                    By:_____
                                    Deputy Marshal

| Defendant: | JOSEPH CLOSE | Judgment - Page _3_ of _4_ |
|---|---|---|
| Case No.: | 93-59-CR-T-25C | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS, as to Counts 1 through 17. The term of supervised release imposed as to each count shall run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall not engage in any telemarketing activity.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245S (Rev. 4/90) Sheet 7 - Statement of Reasons

| | |
|---|---|
| Defendant:    JOSEPH CLOSE | Judgment - Page _4_ of _4_ |
| Case No.:      93-59-CR-T-25C | |

## STATEMENT OF REASONS

_X_  The court adopts the factual findings and guideline application in the presentence report.

### OR

___  The court adopts the factual findings and guideline application in the presentence report except:

**GUIDELINE RANGE DETERMINED BY THE COURT:**

Total Offense Level:       35

Criminal History Category:   I

Imprisonment Range:     168 to 210 months

Supervised Release Range:   2 to 3 years

Fine Range:     $17,500 to $15,354,980

    _X_  Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution:    $ unable to completely determine

    _X_  Full restitution is not ordered for the following reason(s):  Determination of full restitution would unduly complicate or prolong the sentencing process.


___  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

### OR

_X_  The sentence is within the guideline range, than range exceeds 24 months, and the sentence is imposed for the follow reason(s):  There are no aggravating or mitigating factors to warrant a sentence outside the applicable range.

### OR

The sentence departs from the guideline range:

    ___  upon motion of the government, as a result of defendant's substantial assistance.

    ___  for the following reason(s):

**D**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2-11-9

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA          :
                                  :
              v.                  :          CASE NO. 93-59-Cr-T-25(C)
                                  :
HERBERT A. RAPRAGER,              :
JANET G. DOYLE,                   :
MARVIN C. WIEMKEN,                :
DARWIN K. ALBRIGHT,               :
DIANE BARRETT,                    :
JAMES T. ESTES,                   :
TODD SWARTOUT,                    :
CHARLES LEIRER,                   :
JOSEPH CLOSE,                     :
JAMES P. PARSONS,                 :
PERCY O DEAN CHOATE, and          :
DIANE BOYER                       :

### SECOND SUPERCEDING INDICTMENT

### COUNT ONE

#### A.   INTRODUCTION

At all times material to the charges herein:

1.   DARWIN K. ALBRIGHT, DIANE BARRETT, DIANE BOYER, PERCY O

DEAN CHOATE, JOSEPH CLOSE, JANET G. DOYLE, JAMES T. ESTES,

CHARLES LEIRER, JAMES P. PARSONS, HERBERT A. RAPRAGER, TODD

SWARTOUT, and MARVIN C. WIEMKEN, were associated in one capacity

or another with Executive Clearing Center Company (ECCC) and

I certify the foregoing to be a true
and correct copy of the original.
  SHERYL L. LOESCH, Clerk
  United States District Court
  Middle District of Florida

By: _____
      Deputy Clerk

Genatron Executives Services, Inc. (GESI) with corporate addresses in the State of Florida. ECCC and GESI were purportedly engaged in the business of awarding prizes via the use of the telephone, commonly known as telemarketing.

 2. JOSEPH CLOSE organized and controlled the operation of both ECCC and GESI.

 3. HERBERT A. RAPRAGER was listed as the president and owner of ECCC; MARVIN C. WIEMKEN was listed as the president and owner of GESI.

 4. JANET G. DOYLE performed administrative and bookkeeping functions for both ECCC and GESI.

 5. DIANE BARRETT and DARWIN K. ALBRIGHT established mail drops and voice mail answering services in Houston, Texas and Asheville, North Carolina. The mail drops were used as ECCC and GESI addresses; the voice mail services were used as ECCC and GESI customer service numbers. They also received packages sent to the mail drops by victims, repackaged the contents, and forwarded them to Clearwater, Florida.

 6. TODD SWARTOUT, JAMES T. ESTES and DIANE BOYER received money proceeds from HERBERT A. RAPRAGER, JANET G. DOYLE and MARVIN C. WIEMKEN via Western Union primarily from Florida, and redistributed the money to other members of the telemarketing organization.

7.    JAMES T. ESTES, PERCY O DEAN CHOATE and DIANE BOYER performed managerial functions for ECCC or GESI; JAMES T. ESTES also worked to set up the telemarketing operations.

8.    CHARLES LEIRER and JAMES P. PARSONS conducted telephone sales for ECCC or GESI.

B.    THE AGREEMENT

9.    Beginning approximately in or about August 1992, and continuing thereafter until in or about February 1993, in the Middle District of Florida, and elsewhere,

DARWIN K. ALBRIGHT,
DIANE BARRETT,
JANET G. DOYLE,
JAMES T. ESTES,
HERBERT A. RAPRAGER,
TODD SWARTOUT,
MARVIN C. WIEMKEN,
CHARLES LEIRER,
JOSEPH CLOSE,
JAMES P. PARSONS,
PERCY O DEAN CHOATE,
and
DIANE BOYER,

defendants herein, did knowingly and willfully combine, conspire, confederate and agree with one another and with others both known and unknown to the grand jury, to commit the following offenses against the United States:

(a)    to knowingly and willfully devise and execute a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1343;

3

(b)  to knowingly and willfully devise and execute

a scheme and artifice to transport, transfer

and cause to be transported and transferred

in interstate commerce, personal checks

having a value in excess of $5,000.00,

knowing the same to have been taken by fraud,

in violation of Title 18, United States Code,

Section 2314; and

(c)  to knowingly conduct financial transactions

affecting interstate commerce, which involved

the proceeds of specified unlawful activity,

that is, interstate transportation of stolen

property and wire fraud, with the intent to

promote the carrying on of specified unlawful

activity, and knowing the transactions were

designed to conceal the nature, source,

location, ownership or control of proceeds of

specified unlawful activity, all in violation

of Title 18, United States Code, Section

1956(a)(1).

### C.  THE MANNER AND MEANS

10.  It was part of the conspiracy that the defendants and

others under the direction and supervision of JOSEPH CLOSE, would

and did establish various facets of the organization throughout

the United States for short durations and would strategically

relocate to new cities and change their corporate identities.

4

11.   It was further a part of the conspiracy that the
defendants and others would and did establish phone rooms in Eau
Claire and Janesville, Wisconsin, and Birmingham, Alabama.

12.   It was further a part of the conspiracy that the
defendants and others would and did establish mail drop boxes and
voice mail telephone numbers for ECCC and GESI.

13.   It was further a part of the conspiracy that the
defendants and others would and did provide fictitious,
inaccurate or incomplete information when subscribing to various
services.

14.   It was further a part of the conspiracy that the
defendants and others would and did obtain "sucker lists" or lead
sheets containing names and telephone numbers of individuals
throughout the United States and Canada who had been previously
defrauded by one or more telemarketing companies.

15.   It was further a part of the conspiracy that the
defendants and others would and did use the telephone leads and
contact potential victims representing that either ECCC or GESI
was presenting the victim with an award on behalf of
telemarketing agencies that had previously dealt with the victim.

16.   It was further a part of the conspiracy that the
defendants and others would review the telephone leads to
ascertain the amount of monies previously paid by the victims to
other telemarketers and would attempt to solicit monies of equal
or greater value.

17.   It was further a part of the conspiracy that the defendants and others would and did knowingly make false and fraudulent statements, pretenses, representations, and promises to prospective victims in order to induce them to send monies, including, but not limited to the following:

(a)   that the victim was selected by ECCC or GESI as a grand prize winner;

(b)   that either ECCC or GESI was making the grand prize award on behalf of another telemarketing company;

(c)   that the award was valued between a new cadillac and one million dollars;

(d)   that the victim would receive in addition to the grand prize, a bonus award consisting of five vacation packages valued at $1,900.00 each;

(e)   that the bonus vacation packages were transferrable and/or redeemable for $1,900.00 each;

(f)   that the grand prize would be personally delivered by an ECCC or GESI representative to the victim; and

(g)   that the monies sent to ECCC or GESI were used to offset tax liability.

18.   It was further a part of the conspiracy that the defendants and others would and did cause victims to believe that

6

ECCC and GESI were located in Houston, Texas or Asheville, North Carolina.

19. It was further a part of the conspiracy that the defendants and others would and did direct the victims to send post-dated checks and money orders via private courier to pre-established mail drops in Houston, Texas, and Asheville, North Carolina.

20. It was further a part of the conspiracy that defendants DIANE BARRETT and DARWIN K. ALBRIGHT would and did collect the checks and money orders forwarded to Houston and Asheville and repackage them for delivery via private courier to defendant HERBERT A. RAPRAGER in Clearwater, Florida.

21. It was further a part of the conspiracy that defendants DIANE BARRETT and DARWIN K. ALBRIGHT would and did use fictitious names and return addresses on packages sent to defendant HERBERT A. RAPRAGER.

22. It was further a part of the conspiracy that defendants and others would and did award commissions to telemarketers employed by ECCC or GESI based on monies forwarded by victims.

23. It was further a part of the conspiracy that defendants JANET G. DOYLE and MARVIN C. WIEMKEN would and did give fictitious names to private couriers upon receipt of the packages addressed to defendant HERBERT A. RAPRAGER in Clearwater, Florida.

24. It was further a part of the conspiracy that defendants and others would and did forward to the victims a Certificate of Guarantee and use such lulling tactics in an effort to alleviate suspicion.

25. It was further a part of the conspiracy that defendants HERBERT A. RAPRAGER and MARVIN C. WIEMKEN would and did establish checking accounts in Florida under the names of ECCC or GESI for deposit of victim checks.

26. It was further a part of the conspiracy that defendants JANET G. DOYLE, HERBERT A. RAPRAGER, and MARVIN C. WIEMKEN would and did deposit victim checks totalling $374,484.56 into the ECCC and GESI checking accounts.

27. It was further a part of the conspiracy that defendants HERBERT A. RAPRAGER, JANET G. DOYLE and MARVIN C. WIEMKEN would and did withdraw the proceeds from the checking accounts in the form of cash.

28. It was further a part of the conspiracy that defendant MARVIN C. WIEMKEN cashed victim's checks made payable to GESI, totalling $16,900.00, at a check cashing establishment in Clearwater, Florida.

29. It was further a part of the conspiracy that defendants HERBERT A. RAPRAGER, MARVIN C. WIEMKEN and JANET G. DOYLE would and did wire transfer proceeds from victim checks via Western Union to defendants JOSEPH CLOSE, JAMES T. ESTES, TODD SWARTOUT, DIANE BARRETT, DIANE BOYER, DARWIN K. ALBRIGHT and others.

8

30.  It was further a part of the conspiracy that defendants
TODD SWARTOUT, DIANE BOYER and JAMES T. ESTES would receive the
wired proceeds and rewire the same via Western Union to other
members of the organization.

31.  It was further a part of the conspiracy that the
defendants and others would and did fail to deliver awards
promised to victims.

32.  It was further a part of the conspiracy that the
defendants and others would and did use various devices to
obstruct efforts by victims to obtain refunds.

33.  It was further a part of the conspiracy that the
defendants and others would and did routinely destroy records to
avoid detection.

34.  It was further a part of the conspiracy that the
defendants and others would and did utilize a MCI calling card
for long distance communications to avoid detection.

35.  It was further a part of the conspiracy that the
defendants and others would and did perform acts and make
statements to hide and conceal, and cause to be hidden and
concealed, the purposes of and acts done in furtherance of said
conspiracy.

### D.   OVERT ACTS

36.  In furtherance of the conspiracy and to effectuate the
objectives thereof, the following overt acts, among others, were

9

committed in the Middle District of Florida, and elsewhere:

(1)   In or about August of 1992, defendants DIANE BOYER
      and JAMES T. ESTES rented office space at 2316
      Mineral Point Avenue, Janesville, Wisconsin, under
      the company name of Direct Card Service.

(2)   On or about August 5, 1992, defendant MARVIN C.
      WIEMKEN established Corporate Distributions Inc.

(3)   On or about August 5, 1992, defendant TODD
      SWARTOUT established telephone service at 2316
      Mineral Point Avenue, under the company name of
      Corporate Distributions Inc.

(4)   On or about August 27, 1992, defendant JAMES T.
      ESTES, assisted by DIANE BOYER, rented a voice
      mail service, telephone number 800/688-2275, from
      Touchfon in Salt Lake City, Utah, under the
      company name of CDI, Bloomington, Minnesota.

(5)   On or about October 23, 1992, defendant
      HERBERT A. RAPRAGER rented Box 286 at Mail
      Boxes, Etc., 235 West Brandon Boulevard,
      Brandon, Florida, using the company name
      National Clearing Center Co., St. Paul,
      Minnesota.

(6)   On or about November 13, 1992, defendant
      JAMES T. ESTES wire transferred $5,000.00 via
      Western Union from St. Paul, Minnesota, to
      JOSEPH CLOSE and $1,000.00 to defendant

10

HERBERT A. RAPRAGER.

(7)   On or about November 14, 1992, defendants
HERBERT A. RAPRAGER and JOSEPH CLOSE
travelled to the Check Express in Clearwater,
Florida, to retrieve wired proceeds.

(8)   On or about November 18, 1992, defendant
HERBERT A. RAPRAGER filed corporate papers
for ECCC, 235 West Brandon Blvd., Suite 286,
Brandon, Florida.

(9)   On or about November 19, 1992, defendant
HERBERT A. RAPRAGER opened checking account
number 17630000120 at First Union National
Bank of Florida, for ECCC, 235 West Brandon
Boulevard, Suite 286, Brandon, Florida.

(10)  On or about November 20, 1992, defendant
HERBERT A. RAPRAGER rented Box 163 at Mail
Boxes, Etc., 7611 South Orange Blossom Trail,
Orlando, Florida, using the company address
of ECCC, 7611 South Orange Blossom Trail,
Orlando, Florida.

(11)  On or about November 20, 1992, defendant
HERBERT A. RAPRAGER opened checking account
number 3603049055 at Nations Bank for ECCC,
7611 South Orange Blossom Trail, Suite 163,
Orlando, Florida.

11

(12) On or about November 20, 1992, defendant
JAMES T. ESTES wire transferred $5,000.00 via
Western Union from Bloomington, Minnesota, to
defendant JOSEPH CLOSE.

(13) On or about November 21, 1992, defendant JOSEPH
CLOSE travelled to Fast Check of Florida, Inc., in
Orlando to pick up $5,000.00 in wire transferred
proceeds.

(14) On or about November 24, 1992, defendant JAMES T.
ESTES wire transferred $2,000.00 via Western Union
from Bloomington, Minnesota, to defendant DIANE
BOYER who retrived the monies in Beloit,
Wisconsin.

(15) On or about December 1, 1992, defendant JANET
G. DOYLE wire transferred $300.00 via Western
Union from Beloit, Wisconsin, to defendant
DARWIN K. ALBRIGHT who retrieved the monies
in Asheville, North Carolina.

(16) On or about December 2, 1992, defendant JAMES
T. ESTES wire transferred $500.00 via Western
Union from Bloomington, Minnesota, to
defendant DIANE BARRETT who retrieved the
monies in Houston, Texas.

12

(17) On or about December 4, 1992, defendant
DARWIN K. ALBRIGHT rented Box 327 at Mail
Boxes, Etc., 860 Merrimon Avenue, Asheville,
North Carolina, for ECCC.

(18) On or about December 4, 1992, defendant DIANE
BARRETT, using the alias "Dana Christopher,"
rented Box 144 at Quick Stop Postal Center,
12819 Westheimer, Houston, Texas, for ECCC,
New York, on behalf of defendant HERBERT A.
RAPRAGER.

(19) On or about December 7, 1992, defendant JANET
G. DOYLE wire transferred $200.00 via Western
Union from Janesville, Wisconsin to defendant
DARWIN K. ALBRIGHT who retrieved the monies
in Asheville, North Carolina.

(20) On or about December 7, 1992, defendant
DARWIN K. ALBRIGHT rented voice mail service,
telephone number 704/259-3034, from Daniel's
Answering Service, Asheville, North Carolina.

(21) On or about December 7, 1992, defendant JAMES
T. ESTES wire transferred $1,000.00 via
Western Union from Bloomington, Minnesota, to
defendant DIANE BARRETT who retrieved the
monies in Houston, Texas.

(22) On or about December 7, 1992, defendant JAMES T.
ESTES wire transferred $3,000.00 via Western Union

13

from Bloomington, Minnesota, to defendant DIANE
BOYER who retrieved the monies in Clearwater,
Florida.

(23) On or about December 8, 1992, defendant
HERBERT A. RAPRAGER rented Box 12-328 at Mail
Boxes, Etc., 20505 U.S. 19 North, Clearwater,
Florida for ECCC, 2006 Clarice Circle, Tampa,
Florida.

(24) On or about December 9, 1992, defendant TODD
SWARTOUT wire transferred $2500.00 to
defendants HERBERT A. RAPRAGER and JOSEPH
CLOSE via Western Union from Bloomington,
Minnesota, who retrieved the monies at a
Check Express in Clearwater, Florida.

(25) On or about December 9, 1992, defendant DIANE
BARRETT, using the alias "Dana Christopher,"
rented voice mail service, telephone number
800/375-0219, from Data Voice Technology,
Houston, Texas, on behalf of defendant JAMES
T. ESTES for ECCC, 12819 Westheimer, Suite
144, Houston, Texas.

(26) On or about December 10, 1992, defendant TODD
SWARTOUT wire transferred $1,000.00 via
Western Union from Bloomington, Minnesota, to
defendant DIANE BARRETT who retrieved the
monies in Houston, Texas.

14

(27) On or about December 10, 1992, a
     representative of ECCC had a telephone
     conversation with victim Joe Black Hayes
     concerning the receipt of an award.

(28) On or about December 15, 1992, defendant
     HERBERT A. RAPRAGER deposited $5,250.00 into
     the ECCC account at the First Union Bank,
     consisting of checks from victims Joe Black
     Hayes and Mary Ellen Hartman.

(29) On or about December 16, 1992, defendant
     HERBERT A. RAPRAGER cashed two checks drawn
     from the ECCC checking account at First Union
     Bank in the amounts of $2,500.00 and
     $2,300.00.

(30) On or about December 16, 1992, defendant
     HERBERT A. RAPRAGER made the following wire
         transfers via Western Union from
         Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| Gary McIntosh | $1,000.00 | Eau Claire, WI |
| DIANE BOYER | $2,000.00 | Rockford, IL |
| TODD SWARTOUT | $2,500.00 | Greendale, WI |

(31) On or about December 18, 1992, a
     representative of ECCC caused victim Cheryl
     Murray to send a check in the amount of
     $2,200.00 to Houston, Texas.

15

(32) On or about December 18, 1992, defendants
     HERBERT A. RAPRAGER and JANET G. DOYLE
     deposited $1,500.00 into the ECCC account at
     Nations Bank.

(33) On or about December 18, 1992, defendant
     HERBERT A. RAPRAGER cashed a $4,700.00 check
     drawn from the ECCC checking account at First
     Union Bank.

(34) On or about December 18, 1992, defendant
     HERBERT A. RAPRAGER wire transferred
     $2,500.00 via Western Union from Clearwater,
     Florida, to defendant TODD SWARTOUT who
     retrieved the monies in Beloit, Wisconsin.

(35) On or about December 21, 1992, defendant
     JANET G. DOYLE cashed the following checks
     drawn from ECCC checking accounts:

| CHECK # | CHECK AMOUNT | BANK |
|---------|--------------|------|
| 109     | $5,000.00    | First Union |
| 110     | $3,850.00    | First Union |
| 1002    | $1,100.00    | Nations |

(36) On or about December 21, 1992, defendant
     JANET G. DOYLE made the following wire
     transfers via Western Union from Clearwater,
     Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| JOSEPH CLOSE   | $2,000.00 | Eau Claire, WI |
| TODD SWARTOUT  | $2,200.00 | Beloit, WI |
| Gary McIntosh  | $3,000.00 | Eau Claire, WI |

16

(37) On or about December 22, 1992, defendant
JANET G. DOYLE cashed a $3,250.50 check
drawn from the ECCC checking account at
Nations Bank and a $4,675.80 check drawn from
the ECCC checking account at First Union
Bank.

(38) On or about December 22, 1992, defendant
JANET G. DOYLE, using the alias "Janet
Engle," made the following wire transfers via
Western Union from Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| JOSEPH CLOSE | $2,000.00 | Beloit, WI |
| TODD SWARTOUT | $4,700.00 | Loves Park, IL |
| TODD SWARTOUT | $3,500.00 | Rockford, IL |

(39) On or about December 23, 1992, defendant
JANET G. DOYLE cashed the following checks
drawn from ECCC checking accounts:

| CHECK # | CHECK AMOUNT | BANK |
|---------|--------------|------|
| 112 | $4,600.00 | First Union |
| 113 | $4,100.00 | First Union |
| 114 | $1,545.00 | First Union |
| 1004 | $  750.00 | Nations |

(40) On or about December 23, 1992, defendant
JANET G. DOYLE made the following wire
transfers via Western Union from Clearwater,
Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| JOSEPH CLOSE | $4,500.00 | Beloit, WI |
| DIANE BARRETT | $  500.00 | Houston, TX |
| Gary McIntosh | $1,000.00 | Eau Claire, WI |

17

(41) On or about December 29, 1992, defendant
     JANET G. DOYLE cashed a $600.00 check drawn
     from the ECCC checking account at Nations
     Bank.

(42) On or about December 29, 1992, defendant
     MARVIN C. WIEMKEN filed corporate papers for
     GESI, 7611 South Orange Blossom Trail, Suite
     163, Orlando, Florida.

(43) On or about December 30, 1992, defendant
     MARVIN C. WIEMKEN rented Box 510-325 at Mail
     Boxes, Etc., 2519 McMullen Booth Road,
     Clearwater, Florida, for GESI.

(44) On or about December 31, 1992, defendant MARVIN C.
     WIEMKEN opened checking account number 215274757
     at First Florida Bank for GESI, 2519 McMullen
     Booth Road, Suite 510-325, Clearwater, Florida.

(45) On or about December 31, 1992, defendant
     MARVIN C. WIEMKEN obtained a Florida
     Identification Card listing 1209 45th Street
     South, Tampa, Florida, as his address.

(46) On or about January 4, 1993, defendant MARVIN
     C. WIEMKEN cashed two checks drawn from the
     ECCC checking account at First Union Bank in
     the amounts of $4,000.00 and $7,500.00.

18

(47) On or about January 4, 1993, defendant MARVIN C.
     WIEMKEN made the following wire transfers via
     Western Union from Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| TODD SWARTOUT | $3,800.00 | Rockford, IL |
| DIANE BOYER | $1,500.00 | Loves Park, IL |
| DIANE BARRETT | $ 500.00 | Houston, TX |

(48) On or about January 5, 1993, defendant
     HERBERT A. RAPRAGER rented office space at 25
     West Oxmoor Road, Birmingham, Alabama, under
     the name of Raprager Construction Company.

(49) On or about January 5, 1993, defendant MARVIN
     C. WIEMKEN cashed the following checks drawn
     from ECCC checking accounts:

| CHECK # | CHECK AMOUNT | BANK |
|---------|--------------|------|
| 123 | $3,500.00 | First Union |
| 124 | $6,000.00 | First Union |
| 1007 | $2,500.00 | Nations |

(50) On or about January 7, 1993, defendant
     HERBERT A. RAPRAGER installed eight non-
     published telephone lines for Raprager
     Construction, 25 West Oxmoor Road,
     Birmingham, Alabama.

(51) On or about January 7, 1993, defendant MARVIN
     C. WIEMKEN cashed the following checks drawn
     from ECCC checking accounts:

| CHECK # | CHECK AMOUNT | BANK |
|---------|--------------|------|
| 128 | $4,500.00 | First Union |
| 1008 | $5,000.00 | Nations |

19

(52) On or about January 7, 1993, defendant MARVIN
     C. WIEMKEN made wire transfers in the amounts
     of $4,000.00 and $6,000.00 via Western Union
     from Clearwater, Florida, to defendant TODD
     SWARTOUT who retrieved the monies in Beloit,
     Wisconsin and Rockford, Illinois.

(53) On or about January 8, 1993, defendant MARVIN
     C. WIEMKEN cashed the following checks drawn
     from ECCC checking accounts:

| CHECK # | CHECK AMOUNT | BANK |
|---------|--------------|------|
| 1009 | $2,500.00 | Nations |
| 129 | $3,000.00 | First Union |
| 130 | $3,800.00 | First Union |

(54) On or about January 8, 1993, defendant JANET
     G. DOYLE, using the alias "Janet Engle," wire
     transferred $3,000.00 via Western Union from
     Clearwater, Florida, to Dennis Beaver who
     retrieved the monies in Chattanooga,
     Tennessee.

(55) On or about January 11, 1993, defendant JANET
     G. DOYLE, using the alias "Janet Engle," made
     the following wire transfers via Western
     Union from Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| HERBERT A. RAPRAGER | $2,000.00 | Birmingham, AL |
| DIANE BOYER | $3,000.00 | Rockford, IL |
| TODD SWARTOUT | $4,000.00 | Beloit, WI |

20

(56) On or about January 11, 1993, a
representative of ECCC had a telephone
conversation with victim Virginia Callan
concerning the receipt of an award.

(57) On or about January 11, 1993, defendant CHARLES
LEIRER, using the alias Marshal Corrigan, had a
telephone conversation with victim Mildred Mellon
concerning the receipt of an award from ECCC.

(58) On or about January 12, 1993, defendant CHARLES
LEIRER, using the alias Marshal Corrigan, had a
telephone conversation with victim Josephine
Schneider concerning the receipt of an award from
ECCC.

(59) On or about January 12, 1993, a
representative of ECCC had a telephone
conversation with victim Clinton Owens
concerning the receipt of an award.

(60) On or about January 13, 1993, defendant JANET
G. DOYLE, using the alias "Janet Engle," made
the following wire transfers via Western
Union from Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| JOSEPH CLOSE | $2,000.00 | Orlando, FL |
| TODD SWARTOUT | $2,000.00 | Beloit, WI |

(61) On or about January 13, 1993, defendant
MARVIN C. WIEMKEN wire transferred $500.00
via Western Union from Clearwater, Florida,

21

to defendant DIANE BARRETT who retrieved the
monies in Houston, Texas.

(62) On or about January 13, 1993, a
representative of ECCC caused victim
Elizabeth McRae to send a check in an amount
of $2,200.00 to Houston, Texas.

(63) On or about January 14, 1993, defendant
MARVIN C. WIEMKEN made the following wire
transfers via Western Union from Clearwater,
Florida:

| TO | AMOUNT | RECEIVED AT |
|----|--------|-------------|
| HERBERT A. RAPRAGER | $2,000.00 | Birmingham, AL |
| DIANE BOYER | $3,000.00 | Orlando, FL |
| TODD SWARTOUT | $2,000.00 | Rockford, IL |

(64) On or about January 16, 1993, defendant
MARVIN C. WIEMKEN wire transferred $500.00
via Western Union from Clearwater, Florida,
to defendant DIANE BARRETT who retrieved the
monies in Houston, Texas.

(65) On or about January 18, 1993, defendant TODD
SWARTOUT wire transferred $500.00 via Western
Union from Loves Park, Illinois, to defendant
DIANE BARRETT who retrieved the monies in
Houston, Texas.

(66) On or about January 19, 1993, defendant
MARVIN C. WIEMKEN wire transferred $100.00
via Western Union from Clearwater, Florida,

22

to defendant DARWIN K. ALBRIGHT who retrieved the monies in Asheville, North Carolina.

(67) On or about January 19, 1993, defendant DARWIN K. ALBRIGHT rented Box 138 at Pack 'N' Mail Mailing Center, 152 South Tunnel Road, Asheville, North Carolina, for GESI, 2519 McMullen Booth Road, 510-325, Clearwater, Florida.

(68) On or about January 19, 1993, defendant HERBERT A. RAPRAGER deposited $7,700.00 in the ECCC account at First Union Bank, consisting of checks from three victims, including  Elizabeth McRae.

(69) On or about January 19, 1993, defendant HERBERT A. RAPRAGER deposited $8,500.00 in the ECCC account at Nations Bank consisting of checks from three victims, including Clinton Owens.

(70) On or about January 19, 1993, defendant HERBERT A. RAPRAGER wire transferred $700.00 via Western Union from Clearwater, Florida, to defendant JAMES T. ESTES who retrieved the monies in Birmingham, Alabama.

(71) On or about mid January, 1993, defendant
HERBERT A. RAPRAGER rented Box 234 at
Mailbox, Inc., 267 West Valley Avenue,
Birmingham, Alabama.

(72) On or about January 20, 1993, defendant
HERBERT A. RAPRAGER made the following wire
transfers via Western Union from Clearwater,
Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| DARWIN K. ALBRIGHT | $500.00 | Asheville, NC |
| DIANE BARRETT | $500.00 | Houston, TX |

(73) On or about January 20, 1993, defendant JAMES
P. PARSONS, using the alias William Snow, had
a telephone conversation with victim Agnes
Carter concerning the receipt of an award
from ECCC.

(74) On or about January 20, 1993, a
representative of ECCC had a telephone
conversation with victim Dennis Mingo
concerning the receipt of an award.

(75) On or about January 21, 1993, a
representative of GESI caused victim Mekuria
Haile to send a check in the amount of
$3,020.00 to Asheville, North Carolina.

24

(76) On or about January 21, 1993, a representative of ECCC forwarded a Certificate of Guarantee to victim Roger Curtis.

(77) On or about January 22, 1993, defendant JAMES P. PARSONS, using the alias William Snow, had a telephone conversation with victim Randy Wolfgang concerning the receipt of an award from ECCC.

(78) On or about January 26, 1993, defendant HERBERT A. RAPRAGER cashed checks in the amounts of $7,850.00 and $2,200.00 drawn on the ECCC checking account at Nations Bank.

(79) On or about January 26, 1993, defendant HERBERT A. RAPRAGER made the following wire transfers via Western Union from Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| JAMES T. ESTES | $1,000.00 | Birmingham, AL |
| TODD SWARTOUT | $6,000.00 | Beloit, WI |
| Joe Hirschfeld | $2,500.00 | Las Vegas, NV |

(80) On or about January 26, 1993, defendant TODD SWARTOUT made the following wire transfers via Western Union from Beloit, Wisconsin:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| DIANE BARRETT | $  400.00 | Houston, TX |
| DARWIN K. ALBRIGHT | $  400.00 | Asheville, NC |
| Dennis Beaver | $1,000.00 | Chattanooga, TN |

(81) On or about January 26, 1993, a
representative of GESI caused victim Anne M.
Paszkowski to send a check in the amount of
$2,200.00 to Asheville, North Carolina.

(82) On or about January 26, 1993, JAMES P. PARSONS,
using the alias William Snow, caused victim Mark
Brocato to send a check in the amount of $2,500.00
to Asheville, North Carolina for ECCC.

(83) On or about January 27, 1993, a
representative of GESI had a telephone
conversation with victim Bessie D. Meierhenry
concerning the receipt of an award.

(84) On or about January 28, 1993, a
representative of ECCC caused victim
Margareta Crampton to send a check in the
amount of $2,500.00 to Asheville, North
Carolina.

(85) On or about January 28, 1993, a
representative of GESI caused victim David
Darrah to send a check in the amount of
$1,500.00 to Asheville, North Carolina.

(86) On or about January 28, 1993, defendant PERCY O
DEAN CHOATE became the phone room manager for ECCC
and GESI at Birmingham.

(87) On or about January 29, 1993, a
representative of GESI caused victim Richard

Romig to send a check in the amount of
$2,100.00 to Houston, Texas.

(88) On or about January 29, 1993, defendant
HERBERT A. RAPRAGER cashed a $4,000.00 check
drawn from the ECCC checking account at Sun
Bank.

(89) On or about January 29, 1993, defendant
HERBERT A. RAPRAGER made the following wire
transfers via Western Union from Clearwater,
Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| Dave Lane | $1,000.00 | Birmingham, AL |
| TODD SWARTOUT | $2,500.00 | Beloit, WI |

(90) On or about January 29, 1993, a
representative of GESI caused victim Fern
Pilliken to send a check in the amount of
$2,900.00 to Houston, Texas.

(91) On or about February 1, 1993, a
representative of ECCC had a telephone
conversation with victim Margaret Riley
concerning the receipt of an award.

(92) On or about February 1, 1993, defendant
MARVIN C. WIEMKEN cashed checks in the
amounts of $1,500.00 and $627.87 drawn from
the ECCC checking account at Sun Bank.

(93) On or about February 1, 1993, defendant
HERBERT A. RAPRAGER cashed a check in the

27

amount of $1,500.00 drawn from the ECCC
checking account at Sun Bank.

(94) On or about February 1, 1993, defendant
HERBERT A. RAPRAGER made the following wire
transfers via Western Union from Clearwater,
Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| TODD SWARTOUT | $5,000.00 | Beloit, WI |
| DARWIN K. ALBRIGHT | $ 425.00 | Asheville, NC |

(95) On or about February 3, 1993, defendant
HERBERT A. RAPRAGER deposited $4,614.56 into
the ECCC account at Sun Bank, consisting of
four victim checks, including a check from
Magareta Crampton.

(96) On or about February 3, 1993, defendant
MARVIN C. WIEMKEN cashed a check in the
amount of $2,200.00 drawn from the GESI
checking account at First Florida Bank.

(97) On or about February 4, 1993, defendant
MARVIN C. WIEMKEN deposited $8,500.00 into
the GESI account at First Florida Bank,
consisting of three victim checks, including
a check from John A. Des Portes.

(98) On or about February 4, 1993, defendant
HERBERT A. RAPRAGER made the following wire
transfers via Western Union from Clearwater,
Florida:

28

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| TODD SWARTOUT | $2,000.00 | Beloit, WI |
| DARWIN K. ALBRIGHT | $ 500.00 | Asheville, NC |

(99) On or about February 5, 1993, defendant
HERBERT A. RAPRAGER cashed a check in the
amount of $2,200.00 drawn from the GESI
checking account at First Florida Bank.

(100) On or about February 5, 1993, defendant
HERBERT A. RAPRAGER made the following
wire transfers via Western Union from
Clearwater, Florida:

| TO | AMOUNT | RECEIVED AT |
|---|---|---|
| DARWIN K. ALBRIGHT | $ 500.00 | Asheville, NC |
| Dave Lane | $1,000.00 | Birmingham, AL |
| TODD SWARTOUT | $2,000.00 | Rockford, IL |
| TODD SWARTOUT | $2,300.00 | Beloit, WI |
| TODD SWARTOUT | $1,200.00 | Beloit, WI |

(101) On or about February 5, 1993, defendant
HERBERT A. RAPRAGER deposited $4,278.50
into the ECCC account at Sun Bank,
consisting of four victim checks.

(102) On or about February 5, 1993, defendant
MARVIN C. WIEMKEN cashed victim David
Darrah's $1,500.00 check, payable to
GESI, at Check Express.

(103) On or about February 8, 1993, defendant
HERBERT A. RAPRAGER wire transferred
$1,500.00 via Western Union from
Clearwater, Florida, to defendant TODD

29

SWARTOUT who retrieved the monies in

Loves Park, Illinois.

(104)  On or about February 11, 1993, defendant DIANE

BOYER wire transferred $550.00 via Western Union

from Belvidere, Illinois, to defendant PERCY O

DEAN CHOATE who retrieved the monies in Birmingham,

Alabama.

(105)  On or about February 15, 1993, defendant TODD

SWARTOUT wire transferred $400.00 via Western

Union from Rockford, Illinois to defendant PERCY O

DEAN CHOATE who retrieved the monies in

Birmingham, Alabama.

All in violation of Title 18, United States Code, Section

371.

## THE INTERSTATE TRANSPORTATION OF STOLEN PROPERTY COUNTS

### COUNT TWO

1.    Beginning in or about August 1992, and continuing

thereafter until on or about February 8, 1993, in the Middle

District of Florida and elsewhere,

DARWIN K. ALBRIGHT,
DIANE BARRETT,
JANET G. DOYLE,
JAMES T. ESTES,
HERBERT A. RAPRAGER,
TODD SWARTOUT,
MARVIN C. WIEMKEN,
JOSEPH CLOSE,
JAMES P. PARSONS,
PERCY O DEAN CHOATE,
and
DIANE BOYER,

30

defendants herein, did knowingly devise and intend to devise a
scheme and artifice to defraud and for obtaining money and
property from victims by means of false and fraudulent pretenses,
representations, and promises.

### A.    THE MANNER AND MEANS OF THE SCHEME

2.    The substance of the scheme to defraud and its manner
and means are described in paragraphs contained in Sections A and
C of Count One of this Indictment, and the Grand Jury realleges
and incorporates by reference those paragraphs as though fully
set forth herein.

### B.    EXECUTION OF THE SCHEME

3.    On or about December 11, 1992, in the Middle District
of Florida and elsewhere,

DIANE BARRETT,
JOSEPH CLOSE,
JAMES T. ESTES,
HERBERT A. RAPRAGER,
and
TODD SWARTOUT,

defendants herein, did knowingly and willfully transport and
caused to be transported in interstate commerce, personal checks
from Houston, Texas to Clearwater, Florida, having a value in
excess of $5,000.00, knowing the same to have been taken by
fraud.

In violation of Title 18, United States Code, Sections 2314
and 2.

### COUNT THREE

1.    The substance of the scheme to defraud and its manner
and means are described in paragraphs contained in Sections A and

31

C of Count One of this Indictment, and the Grand Jury realleges and incorporates by reference those paragraphs as though fully set forth herein.

### EXECUTION OF THE SCHEME

2.    On or about January 14, 1993, in the Middle District of Florida and elsewhere,

DIANE BARRETT,
DIANE BOYER,
JOSEPH CLOSE,
JANET G. DOYLE,
JAMES T. ESTES,
HERBERT A. RAPRAGER,
TODD SWARTOUT,
and
MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully transport and caused to be transported in interstate commerce, personal checks from Houston, Texas to Clearwater, Florida, having a value in excess of $5,000.00, knowing the same to have been taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

### COUNT FOUR

1.    The substance of the scheme to defraud and its manner and means are described in paragraphs contained in Sections A and C of Count One of this Indictment, and the Grand Jury realleges and incorporates by reference those paragraphs as though fully set forth herein.

32

## EXECUTION OF THE SCHEME

2.    On or about January 15, 1993, in the Middle District of
Florida and elsewhere,

DIANE BARRETT,
DIANE BOYER,
JOSEPH CLOSE,
JANET G. DOYLE,
JAMES T. ESTES,
HERBERT A. RAPRAGER,
TODD SWARTOUT,
and
MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully transport and
caused to be transported in interstate commerce, personal checks
from Houston, Texas to Clearwater, Florida, having a value in
excess of $5,000.00, knowing the same to have been taken by
fraud.

In violation of Title 18, United States Code, Sections 2314
and 2.

## COUNT FIVE

1.    The substance of the scheme to defraud and its manner
and means are described in paragraphs contained in Sections A and
C of Count One of this Indictment, and the Grand Jury realleges
and incorporates by reference those paragraphs as though fully
set forth herein.

### EXECUTION OF THE SCHEME

2.    On or about January 29, 1993, in the Middle District of
Florida and elsewhere,

> DARWIN K. ALBRIGHT,
> DIANE BOYER,
> PERCY O DEAN CHOATE,
> JOSEPH CLOSE,
> JANET G. DOYLE,
> JAMES P. PARSONS,
> HERBERT A. RAPRAGER,
> TODD SWARTOUT,
> and
> MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully transport and
caused to be transported in interstate commerce, personal checks
from Asheville, North Carolina to Clearwater, Florida, having a
value in excess of $5,000.00, knowing the same to have been taken
by fraud.

In violation of Title 18, United States Code, Sections 2314
and 2.

### THE WIRE FRAUD COUNTS

### COUNT SIX

#### A.    THE SCHEME

1.    The substance of the scheme to defraud and its manner
and means are described in paragraphs contained in Sections A and
C of Count One of this Indictment, and the Grand Jury realleges
and incorporates by reference those paragraphs as though fully
set forth herein.

34

## B. EXECUTION OF THE SCHEME

2.    On or about January 15, 1993, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE
and
JANET G. DOYLE,

defendants herein, for the purpose of executing the aforesaid
scheme and artifice to defraud, knowingly transmitted and caused
to be transmitted by means of wire communication in interstate
commerce, certain signs, signals, pictures, and sounds, to wit; a
telephone call between Elizabeth McRae in Leoti, Kansas and a
representative of ECCC in Clearwater, Florida, concerning the
receipt of a check.

In violation of Title 18, United States Code, Sections 1343
and 2.

### COUNT SEVEN

### A.    THE SCHEME

1.    The substance of the scheme to defraud and its manner
and means are described in paragraphs contained in Sections A and
C of Count One of this Indictment, and the Grand Jury realleges
and incorporates by reference those paragraphs as though fully
set forth herein.

### B.    EXECUTION OF THE SCHEME

2.    On or about January 25, 1993, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE
and
JANET G. DOYLE,

35

defendants herein, for the purpose of executing the aforesaid
scheme and artifice to defraud, knowingly transmitted and caused
to be transmitted by means of wire communication in interstate
commerce, certain signs, signals, pictures, and sounds, to wit:
a telephone call between Dennis Mingo in St. Thomas, Virgin
Islands and a representative of ECCC in Clearwater, Florida,
concerning the receipt of a check.

In violation of Title 18, United States Code, Sections 1343
and 2.

### THE MONEY LAUNDERING COUNTS

### COUNT EIGHT

On or about December 22, 1992, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE,
JANET G. DOYLE,
and
HERBERT A. RAPRAGER,

defendants herein, did knowingly and willfully conduct and
attempt  to conduct a financial transaction affecting interstate
commerce, to wit: a payment of $3,250.50 to defendant JANET G.
DOYLE from ECCC's account number 3603049055 at Nations Bank,
which involved the proceeds of specified unlawful activity, that
is, interstate transportation of stolen property and wire fraud,
in violation of Title 18, United States Code, Sections 2314 and
1343, with the intent to promote the carrying on of specified
unlawful activity, and knowing that the transaction was designed
in whole or in part to conceal and disguise, the nature, the
location, the source, and the ownership of the proceeds of said

unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the funds in the amount of $3,250.50, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

COUNT NINE

On or about December 24, 1992, in the Middle District of Florida and elsewhere,

JOSEPH CLOSE,<br>
JANET G. DOYLE,<br>
and<br>
TODD SWARTOUT,

defendants herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: a wire transfer of $6,000.00 from defendant JANET G. DOYLE in Clearwater, Florida, using the alias "Janet Engle," to defendant TODD SWARTOUT in Rockford, Illinois, which involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property and wire fraud, in violation of Title 18, United States Code, Sections 2314 and 1343, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise, the nature, the location, the source, and the ownership of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property

37

involved in the financial transaction, that is the funds in the amount of $6,000.00, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

## COUNT TEN

On or about January 5, 1993, in the Middle District of Florida and elsewhere,

JOSEPH CLOSE,
HERBERT A. RAPRAGER,
and
MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: a wire transfer of $3,000.00 from defendant MARVIN C. WIEMKEN in Clearwater, Florida to defendant HERBERT A. RAPRAGER in Birmingham, Alabama, which involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property and wire fraud, in violation of Title 18, United States Code, Sections 2314 and 1343, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise, the nature, the location, the source, and the ownership of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the funds in the amount of $3,000.00, represented the proceeds of some form of unlawful activity.

38

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

COUNT ELEVEN

On or about January 6, 1993, in the Middle District of Florida and elsewhere,

JOSEPH CLOSE,<br>TODD SWARTOUT,<br>and<br>MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: a wire transfer of $4,500.00 from defendant MARVIN C. WIEMKEN in Clearwater, Florida, to defendant TODD SWARTOUT in Beloit, Wisconsin, which involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property and wire fraud, in violation of Title 18, United States Code, Sections 2314 and 1343, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise, the nature, the location, the source, and the ownership of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the funds in the amount of $4,500.00, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

39

COUNT TWELVE

On or about January 12, 1993, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE
and
JANET G. DOYLE,

defendants herein, did knowingly and willfully conduct and
attempt to conduct a financial transaction affecting interstate
commerce, to wit: a wire transfer of $3,000.00 from defendant
JANET G. DOYLE in Clearwater, Florida, using the alias "Janet
Engle," to defendant JOSEPH CLOSE in Birmingham, Alabama, which
involved the proceeds of specified unlawful activity, that is,
interstate transportation of stolen property and wire fraud, in
violation of Title 18, United States Code, Sections 2314 and
1343, with the intent to promote the carrying on of specified
unlawful activity, and knowing that the transaction was designed
in whole or in part to conceal and disguise, the nature, the
location, the source, and the ownership of the proceeds of said
unlawful activity, and that while conducting and attempting to
conduct such financial transaction knew that the property
involved in the financial transaction, that is the funds in the
amount of $3,000.00, represented the proceeds of some form of
unlawful activity.

In violation of Title 18, United States Code, Sections
1956(a)(1) and 2.

40

## COUNT THIRTEEN

On or about January 22, 1993, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE,
JAMES T. ESTES,
and
HERBERT A. RAPRAGER,

defendants herein, did knowingly and willfully conduct and
attempt to conduct a financial transaction affecting interstate
commerce, to wit: a wire transfer of $1,500.00 from defendant
HERBERT A. RAPRAGER in Clearwater, Florida, to defendant JAMES T.
ESTES in Birmingham, Alabama, which involved the proceeds of
specified unlawful activity, that is, interstate transportation
of stolen property and wire fraud, in violation of Title 18,
United States Code, Sections 2314 and 1343, with the intent to
promote the carrying on of specified unlawful activity, and
knowing that the transaction was designed in whole or in part to
conceal and disguise, the nature, the location, the source, and
the ownership of the proceeds of said unlawful activity, and that
while conducting and attempting to conduct such financial
transaction knew that the property involved in the financial
transaction, that is the funds in the amount of $1,500.00,
represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections
1956(a)(1) and 2.

41

## COUNT FOURTEEN

On or about January 27, 1993, in the Middle District of Florida and elsewhere,

JOSEPH CLOSE
and
HERBERT A. RAPRAGER,

defendants herein, did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate commerce, to wit: a $2,500.00 payment to defendant HERBERT A. RAPRAGER, from ECCC's account number 17630000120 at First Union National Bank of Florida, which involved the proceeds of specified unlawful activity, that is, interstate transportation of stolen property and wire fraud, in violation of Title 18, United States Code, Sections 2314 and 1343, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise, the nature, the location, the source, and the ownership of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the funds in the amount of $2,500.00, represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

42

### COUNT FIFTEEN

On or about January 30, 1993, in the Middle District of
Florida and elsewhere,

JOSEPH CLOSE,
HERBERT A. RAPRAGER,
and
TODD SWARTOUT,

defendants herein, did knowingly and willfully conduct and
attempt to conduct a financial transaction affecting interstate
commerce, to wit: a wire transfer of $3,000.00 from defendant
HERBERT A. RAPRAGER in Clearwater, Florida to defendant TODD
SWARTOUT in Rockford, Illinois, which involved the proceeds of
specified unlawful activity, that is, interstate transportation
of stolen property and wire fraud, in violation of Title 18,
United States Code, Sections 2314 and 1343, with the intent to
promote the carrying on of specified unlawful activity, and
knowing that the transaction was designed in whole or in part to
conceal and disguise, the nature, the location, the source, and
the ownership of the proceeds of said unlawful activity, and that
while conducting and attempting to conduct such financial
transaction knew that the property involved in the financial
transaction, that is the funds in the amount of $3,000.00,
represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections
1956(a)(1) and 2.

43

## COUNT SIXTEEN

On or about February 8, 1993, in the Middle District of
Florida and elsewhere,

### JOSEPH CLOSE
### and
### MARVIN C. WIEMKEN,

defendants herein, did knowingly and willfully conduct and
attempt to conduct a financial transaction affecting interstate
commerce, to wit: a $2,200.00 check from victim Anne Paszkowski,
a $3,500.00 check from victim Janie Vandenbosch, and a $2,900.00
check from victim Fern Pilliken, all payable to GESI, were cashed
by defendant MARVIN C. WIEMKEN at Check Express in Clearwater,
Florida, which involved the proceeds of specified unlawful
activity, that is, interstate transportation of stolen property
and wire fraud, in violation of Title 18, United States Code,
Sections 2314 and 1343, with the intent to promote the carrying
on of specified unlawful activity, and knowing that the
transaction was designed in whole or in part to conceal and
disguise, the nature, the location, the source, and the ownership
of the proceeds of said unlawful activity, and that while
conducting and attempting to conduct such financial transaction
knew that the property involved in the financial transaction,
that is the funds in the amount of $8,600.00, represented the
proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Sections
1956(a)(1) and 2.

44

### COUNT SEVENTEEN

The substance of the scheme to defraud and its manner and means are described in paragraphs contained in Sections A and C of Count One of this Indictment, and the Grand Jury realleges and incorporates by reference those paragraphs as though fully set forth herein.

### EXECUTION OF THE SCHEME

2.    On or about January 14, 1993, in the Middle District of Florida and elsewhere,

JOSEPH CLOSE
and
HERBERT A. RAPRAGER,

defendants herein, did knowingly engage and attempt to engage in a monetary transaction, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, to wit:  a deposit of monetary instruments, six victim checks totalling $16,100.00, into ECCC's account number 17630000120 at the First Union National Bank of Florida, such property having been derived from specified unlawful activity, that is, interstate transportation of stolen property and wire fraud, in violation of Title 18, United States Code, Sections 2314 and 1343.

All in violation of Title 18, United States Code, Sections 1957 and 2.

45

## FORFEITURES

1.   The allegations of Count One as well as Counts Eight through Seventeen of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, U.S.C. § 982.

2.   As a result of the offenses, alleged in Counts One and Eight through Seventeen the defendants, JOSEPH CLOSE, JANET G. DOYLE, JAMES T. ESTES, HERBERT A. RAPRAGER, TODD SWARTOUT, and MARVIN C. WIEMKEN shall forfeit to the United States all property, real and personal, involved in the aforestated offenses and all property traceable to such property, as to which property the said defendants are jointly and severally liable, including but not limited to the following property:

a.   $391,384.56 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was involved in the aforesaid offenses or is traceable to such property, in violation of Title 18, United States Code, Sections 371, 1956, 1957 and 982.

3.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants –

> (1)   cannot be located upon the exercise of due diligence;
>
> (2)   has been transferred or sold to, or deposited with, a third person;

46

(3)  has been placed beyond the jurisdiction of the Court;

(4)  has been substantially diminished in value; or

(5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property that is, $391,384.56.

All in violation of Title 18, United States Code, Sections 371, 982, 1956 and 1957.

A TRUE BILL,

_____ _George E. Henson_____
FOREPERSON

LARRY H. COLLETON
United States Attorney

By:  _Monte C. Richardson_____
MONTE C. RICHARDSON
Assistant United States Attorney

_Monte C. Richardson for_____
TODD FOSTER
Assistant United States Attorney
Chief, Major Litigation Section

47